tion over a telephone, A. can testify only to what he heard, and B. to only what he heard, and that neither can testify to what he said. Such rule would admit fragments of conversation, maybe meaningless, and probably uninstructive. The conversation—that is, what one said and the other replied—is the only intelligible and helpful evidence.

The judgment and order should be affirmed, with costs. All concur.

---

NEW YORK CENT. & H. R. R. CO. v. VILLAGE OF OSSINING et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. DEDICATION (§ 15*)—HIGHWAYS—ACTS CONSTITUTING "DEDICATION"—INTENT.

The acts and declarations of an owner, to constitute a "dedication" of land for a street, must be deliberate, unequivocal, and decisive, manifesting a positive and unmistakable intent to permanently abandon land to the specific public use; and where he does so an estoppel in pais operates against him.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 13; Dec. Dig. § 15.*

For other definitions, see Words and Phrases, vol. 2, pp. 1908–1918; vol. 8, pp. 7629, 7630.]

2. DEDICATION (§ 20*)—HIGHWAYS—ACTS CONSTITUTING DEDICATION.

An owner who opens a private way for his own use, and who permits the public to travel over it for many years, as if a highway, does not thereby show an intent to dedicate the land for a highway.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 26; Dec. Dig. § 20.*]

3. DEDICATION (§ 44*)—HIGHWAYS—EVIDENCE—SUFFICIENCY.

Evidence *held* not to show an intent to dedicate land for a highway.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 85; Dec. Dig. § 44.*]

Thomas. J., dissenting.

Appeal from Special Term, Westchester County.

Action by the New York Central & Hudson River Railroad Company against the Village of Ossining and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and RICH, JJ.

Frank L. Young and Glenn M. Congdon (Joseph A. Greene, on the brief), for appellants.

John F. Brennan, for respondent.

JENKS, J. It was mutually agreed on the argument that the sole question is whether the land in Main street was part of a public street. That question depends upon the fact whether there has been a dedication by the plaintiff, the owner thereof. As there is no proof of any written dedication, or of the filing of any map, the inquiry is whether the acts of the owner and the surrounding circumstances indicate an intention to set apart this land for highway purposes.

---

The acts and declarations of the owner must be "deliberate, unequivocal, and decisive, manifesting a positive and unmistakable intention to permanently abandon his property to the specific public use." Holdane v. Village of Cold Spring, 21 N. Y. 474. If so, an estoppel in pais works against him. Id.; Morgan v. R. R. Co., 96 U. S. 716, 24 L. Ed. 743. If an owner opens a private way for his own use, his permission to the public to travel over it for many years, as if a highway, is not sufficient proof of an intention to dedicate. Speir v. Town of New Utrecht, 121 N. Y. 430, 24 N. E. 692. And thus ways of approach to a wharf or a dock, or a place of business, or to a railroad station, although the owner permit general use thereof for highway purposes, are not regarded as if dedicated perforce of such permission and a user under it. City of Buffalo v. D., L. & W. R. R. Co., 68 App. Div. 488, 74 N. Y. Supp. 343, affirmed 178 N. Y. 561, 70 N. E. 1097; Irwin v. Dixion, 9 How. 10, 13 L. Ed. 25; Railroad v. Roseville, 76 Ohio St. 108, 81 N. E. 178; Georgia R. & B. Co. v. City of Atlanta, 118 Ga. 486, 45 S. E. 256; City of Chicago v. C., R. I. & P. Ry. Co., 152 Ill. 561, 38 N. E. 768; Durgin v. City of Lowell, 3 Allen (Mass.) 398; Williams v. N. Y. & N. H. R. R. Co., 39 Conn. 509.

In Irwin's Case, supra, the court, per Woodbury, J., say:

"While, then, anybody might be allowed to travel over this space from the warehouse east to the wharf and river, when convenient and not injuring the owner, it would not be because it had been intended to give to the public a right of way over these premises, but because he himself intended to travel over it, and while so doing, and so leaving it open, would not be captious in preventing others from traveling there."

In Durgin v. City of Lowell, supra, the court, per Chapman, J., say:

"The way was necessary for the use of the company and their tenants and servants; and it was necessary for them to keep it constantly open and unobstructed, so that all persons might travel over it; and, furthermore, it would be very difficult to ascertain whether a person traveling on it was doing so as a mere traveler, and without any connection with the company or their tenants; and, if he were so using it, his use would be merely incidental. And as the travel of strangers would do no appreciable damage, it should be regarded, under these circumstances, as permissive, and not adverse to the rights of the company, and as furnishing no evidence that the company intended to dedicate the way to public use. It differs from the ordinary case, where the proprietor might without inconvenience to himself keep the way closed against the public if he chose to do so, and where his own use of it is only occasional, while that of the public is constant and frequent, and is such that it may be regarded as adverse to his private rights."

I think that the evidence is sufficient to justify the finding that the strip of land in Main street was used by the plaintiff in the working of its business, and for the convenience of its patrons. The testimony of the witness Palmer seems clear upon that subject. He testifies that, before Secor Road was open, Railroad avenue was the only means of going to and from the station. The defendant's witness Wheeler testifies that people go down Main street, and cross over, and walk down to the station; that there was nothing else down there on the west side of Railroad avenue. It terminates at the station.

The judgment is affirmed, with costs.   All concur, except THOMAS, J., who reads for reversal.

THOMAS, J. (dissenting).   The trial court found:

"That during all of the time that the said land in question has remained open and been used by the public it has been the only means of approach to the plaintiff's railroad station at Ossining, and that the plaintiff and its patrons have always used said strip of land in that manner."

This finding is not supported by the evidence, which shows that the land in question is not the only means of approach, but that it is not the usual approach to the station.   The evidence on which plaintiff relies to sustain this finding is that it was necessary to approach the station over the land before the Secor Road was opened, which was about 30 years ago, and that a sidewalk runs from the station to Main street for a distance of from 90 to 100 feet.   The witness Wheeler states:

"That is a little sidewalk, about three feet, for the use of people going to the station. People use it.   They go down Main street, and cross over, and walk down to the station.   There is nothing else down there on the west side of Railroad avenue.   It terminates at the station."

The fact is that persons do not usually approach the railroad station over such land, for, in that case, they would cross the tracks at a point several hundred feet from the railroad station, and that the usual course of travel to the station is not in that direction.   It further appears (and I find no contradiction) that Railroad avenue has on some occasions been put in repair by the authority of the defendant village, although on one occasion the railroad company assisted by furnishing gravel, which, however, was hauled and spread by the village and at its expense; that a permanent curb has been built in the street, and remained for many years; and that the village granted a franchise to a street railroad company to construct its railroad on the land nearly 20 years before the trial, which was done pursuant to a statutory notice of a meeting of the village officers for the purpose of considering such grant.

The plaintiff, by this action, would dispossess the village and the railroad company holding under such grant.   The maps seem to be defective, by omitting to indicate by proper inscription the land and the station, and it may be that the learned trial justice was in this way misled in making the finding.   Where the owner of land permits for some 30 years the public to use it for purposes of a road, and leaves the burden of its maintenance upon the village, and by acquiescence ratifies its grant of a franchise therein to a railroad company, the conclusion should be that there was a dedication, and certainly there was an acceptance.   In any case, in view of the erroneous finding, there should be a retrial of the case, with some attempt to adjust rights and equities, to enable the improvement to be carried on with due observance of vested interests.

Therefore the judgment should be reversed, and a new trial granted; costs to abide the event.