tion districts, and the fourth election district of the fourteenth assembly district. The shocking situation revealed by the evidence as to these election districts need not be discussed in detail. It is sufficient to point out that the frauds committed in these districts were so widespread as to utterly destroy the probative value of the returns made by the election officials of these districts. Such being the case, these official returns should be disregarded and excluded from the statement of the vote throughout the state at large, and the court is required, under the rule declared in People ex rel. Judson v. Thacher, supra, to determine by other legal evidence what the vote actually was in the districts in which the election returns have been rejected.

The plaintiff has offered the affidavits of electors in these districts that they voted against the holding of the constitutional convention, and the Attorney General has submitted affidavits of electors that they voted in these districts for the holding of a constitutional convention. In addition to these there has been submitted to the court by the Attorney General proof which is not contradicted or questioned upon this motion that an error in addition was made by the board of county canvassers in Kings county in totaling the vote cast for the proposition in the fiftieth election district of the twenty-second assembly district in Kings county. The returns from this assembly district show 1,225 votes in favor of the proposition, whereas it is uncontradicted and unquestioned that if error in addition had not been made the returns should have shown that 2,225 were cast in favor of the proposition. This additional 1,000 votes entirely destroys the prime facie case of the plaintiff, and shows that, even if the fraudulent returns from the districts specified are disregarded, and the votes which legal proof shows were cast for and against the proposition are included, there was, taking into account the 1,000 votes cast in the twenty-second assembly district of Kings county for the proposition which were erroneously omitted from the official returns, a clear majority throughout the state of the electors voting in favor of the proposition that the constitutional convention should be held.

In view of this fact, it follows that the present motion must be denied.

---

(163 App. Div. 833)

HOOD v. NEW YORK CENT. & H. R. R. CO.          (No. 168–85.)

(Supreme Court, Appellate Division, Third Department. September 23, 1914.)

1. EASEMENTS (§ 36*)—HIGHWAYS—WAY OF NECESSITY—PRESCRIPTION.

In 1864 the S. Railroad Company acquired a right of way which divided a 3-acre tract, so that 1 acre was left without an outlet to a highway except by crossing the right of way, and a portion of the remaining parcel to W. street on the west, or by crossing a lot owned by the railroad company between the 1-acre parcel and M. street on the south. A house was built on the 1-acre parcel in 1883, and was occupied thereafter, and the railroad company constructed, and its successors have since maintained, a fence between the two properties, in which it placed a double gate 10 feet wide, through which and along the east side of the railroad company's lot the occupants of the 1-acre parcel passed on foot and with

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

teams between such parcel and M. street. Recently, however, the defendant having succeeded to the railroad's right, attempted to prevent the use of such alleged right of way by fastening the gate and erecting fences, but the owner or occupant of the 1-acre parcel continued to force a passage and sued to restrain defendant from obstructing the same. *Held* that, the right of way having been used openly, notoriously, and without interruption for more than 20 years prior to defendant's interference therewith, the owner of the 1-acre lot acquired the right to use the way by prescription.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 77, 78, 88–93; Dec. Dig. § 36.*]

2. EASEMENTS (§ 10*)—PROPERTY SUBJECT—RAILROAD LAND.

A lot condemned by a railroad company for railroad purposes, but not otherwise dedicated to or used by the public, may be subject to a private right of way easement acquired by prescription.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 27–32; Dec. Dig. § 10.*]

3. PARTIES (§ 80*)—WANT OF PROPER PARTIES—OBJECTIONS—WAIVER.

Defendant, not having objected to the nonjoinder of an alleged necessary party by demurrer or answer, as required by Code Civ. Proc. § 499, waived the objection.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 123–131, 170; Dec. Dig. § 80.*]

4. PARTIES (§ 7*)—RIGHT TO SUE—REPRESENTATIVE CAPACITY—TRUSTEES.

One who holds a parcel of land in trust may sue to protect an easement appurtenant to the land without joining the persons beneficially interested.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 9–11; Dec. Dig. § 7.*]

5. TENANCY IN COMMON (§ 3*)—PAYMENT OF CLAIMS.

Where plaintiff took title to certain land with the understanding that he was to pay two other persons certain specified sums, such agreement did not make the creditors tenants in common with plaintiff; their rights being limited to an equitable lien on the land.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 5–17; Dec. Dig. § 3.*]

Suit by Henry E. Hood against the New York Central & Hudson River Railroad Company. A judgment for plaintiff having been affirmed by the Appellate Division (149 N. Y. Supp. 1087), defendant applies for reargument, and, in the event of its denial, for permission to appeal to the Court of Appeals. Application for reargument denied, and application for leave to appeal to the Court of Appeals dismissed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Amos Van Etten, of Kingston, for appellant.
N. A. Calkins, of Coxsackie, for respondent.

LYON, J. The judgment appealed from permanently enjoined the appellant from obstructing a prescriptive right of way claimed by respondent over land of which the appellant is the lessee, the title to which was acquired by the grantor of the lessor through con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

demnation proceedings. In 1864 the Saratoga & Hudson River Railroad Company thus acquired a right of way for railroad purposes through the village of Coxsackie, N. Y., upon which a railroad was built which in time became the property of the West Shore Railroad Company, and some years since was leased by that company to the appellant, by whom it has since been operated. The railroad right of way divided a lot of three acres which fronted on Whitbeck street, leaving one acre thereof, which was conveyed to the respondent's trustee in 1898, on the east side of the railroad property, wholly cut off from a highway, which could only be reached by trespassing upon lands of other individual owners, or by crossing the railroad right of way and a portion of the three-acre parcel to Whitbeck street on the west, or by crossing a lot owned by the railroad company, known as the Conine lot, lying between the one-acre parcel and Mansion street on the south. A house was built on the one-acre parcel in 1883 which has been occupied ever since it was built, and a barn was also built on the parcel, in which horses have been kept, which was standing until within the last year or two. The Saratoga & Hudson River Railroad Company constructed, and the railroads have since maintained, a fence between the two properties, in which it placed a double gate ten feet in width, through which, and along the east side of the Conine lot, the occupants of the one-acre parcel have at all times been accustomed to pass on foot and with teams, between the one-acre parcel and Mansion street. In recent years, however, objection has been made by the railroad owner or lessee to such passing over the Conine lot, and the company has sought to prevent it by fastening the gate and erecting fences, but the owner or occupant of the one-acre parcel has immediately forced a passage through to Mansion street. Recently the appellant constructed a fence across the Conine lot on or near the Mansion street line for the purpose of preventing the respondent passing between the parcel and Mansion street. The appellant also posted a notice forbidding all persons from trespassing on the Conine lot under the penalty of the law, but the respondent at once removed sufficient of the fencing to allow him to pass, and has continued to use the driveway as before. The relief sought in this action is an adjudication that the respondent has a right of way from said acre parcel to Mansion street, and enjoining the appellant from obstructing the same. The answer denies that such right of way exists, and that the respondent has the right to cross the Conine lot on such alleged right of way.

In 1909 the appellant sought to induce the respondent to enter into a lease of the right of way, evidently that he might be estopped from claiming that he had an easement by prescription. The respondent inserted in the proposed lease a clause reserving any right which he might have to pass from the parcel to Mansion street, and the appellant thereupon refused to accept the lease. The trial justice found, among other things:

"That said driveway from Mansion street to said premises is open and visible, and the use of the same as a means of ingress to and egress from said premises, now of the plaintiff, has been used openly, notoriously, visibly, and under a claim of right, and undisputedly up to about the year 1909, when the

defendant undertook to make a lease of the right to use said roadway with the plaintiff, but no lease of the same was perfected and accepted by the plaintiff or defendant."

As conclusions of law the trial justice found that the plaintiff and his predecessors in ownership, by open, visible, notorious, uninterrupted, and undisputed use of the roadway under a claim of right, and the necessity therefor, for more than 20 years prior to the defendant's interference therewith, had acquired a right of way over said roadway by prescription, and that the respondent was entitled to a judgment and decree permanently enjoining the appellant from obstructing the said right of way. From the judgment entered upon such decision this appeal has been taken.

[1] The findings and conclusions of the trial justice are fully warranted by the evidence. It may be fairly assumed, as stated by the appellant in its brief, that as the Saratoga & Hudson River Railroad Company placed this gate in the line fence, leaving the Conine lot unfenced at the street, that the privilege was given by the railroad company to the owner of the one-acre parcel to pass from that property to Mansion street. Whether that right was given for the purpose of avoiding the possible claim by the owner of the one-acre parcel of a right of way by necessity across the railroad right of way and the remaining portion of the three-acre parcel to Whitbeck street is not disclosed; but it is undisputed that the respondent and his predecessors in title have claimed and exercised the right to pass on foot and with teams from the one-acre parcel to Mansion street for nearly 50 years, and although at times some successor in title or occupancy of the Saratoga & Hudson River Railroad Company has endeavored to obstruct the passage, the owner or occupant of the one-acre parcel has asserted his claim of right and forced a passage over the disputed right of way.

In confirmation of the suggestion that the right of way was given by the Saratoga & Hudson River Railroad Company, although claimed not to be binding upon the appellant, is the statement in each of the deeds of the one-acre parcel made in 1885, 1892, and 1898 that there is also conveyed by each deed whatever right or privilege of a way the parties of the first part have or possess to and from said premises to the public highway.

A case very much relied upon by appellant is that of Concklin v. New York Central & Hudson River Railroad Co., 149 App. Div. 739, 134 N. Y. Supp. 191, in which the appeal to the Court of Appeals was dismissed upon the ground that the Appellate Division had unanimously decided that the findings of fact were supported by the evidence and that the exceptions presented no reviewable question. Id., 207 N. Y. 752, 101 N. E. 1099. In some respects that case is similar to this, but in that case the right of way claimed was along the side of the railroad premises and across the same in front of the station to the highway, and the court held that a user of grounds thrown open to the public, in connection with the use of a public or quasi public building, was ordinarily to be considered permissive and not adverse, unless there was some distinctive act indicating a separate

and exclusive use under a claim of right sufficient to notify the owner not only of the user *but of the claim of right.* The court said:

"The record contains no evidence of any decisive act upon the plaintiff's part indicating a separate and exclusive use from which knowledge of a claim of right could be presumed by the respondent."

Hardly a greater contrast could exist between the facts of that case and of the case at bar, where the railroad company constructed a double gate in the line fence for the express use of the occupant of the acre parcel with his teams in passing along the east side of the Conine lot, which lot, excepting near the street line, was much wider than the ordinary right of way of the railroad, and which evidently was not needed and certainly was not used for railroad or public purposes. Apparently during the first 30 or 40 years the railroad company fully acquiesced in the use of the right of way by the owners and occupants of the acre parcel, and knowledge during the whole period of user that the use was under claim of right was not wanting. The first objection to the use of the right of way was evidently made during the last few years by the appellant, although the date of its acquiring its leasehold interest does not appear.

[2] Appellant makes five points in its brief:

1. That the Conine lot, having been taken by condemnation proceedings for public use, cannot be again taken without legislative authority, and that a person traveling over a portion of the land cannot thereby acquire a greater interest than can the public. Among the cases cited is the Concklin Case, supra, in which the court held that the evidence was insufficient to create a prescriptive right of way. Several other cases are also cited, which lay down the rule that no individual can gain for himself, by prescription, an easement on a highway, in which term the Erie Canal is included. None of the cases, however, hold that a right of way cannot be obtained by prescription within the right of way of a railroad company, where the facts are sufficient to warrant the finding. It is said in Ruling Case Law, vol. 1, Adverse Possession, § 56:

"These principles" (which prevent the acquisition of public property by adverse possession) "have been most frequently invoked with respect to the right or power to acquire an adverse title to lands within the right of way of a railroad company, and the great weight of authority is to the effect that title may be so acquired, and this is especially true as to such portions of the right of way as have not been dedicated to public use. On principle it seems that the reasons for exempting the acquisition of public highways by adverse possession are not applicable to a railroad right of way; for, even though such right of way may, in a sense, be devoted to a public service, it still remains private property, the use of which is intended for private gain. Nor are sovereign rights involved."

A large number of cases in many states are cited as supporting this statement, and cases in California, Kansas, and Nebraska are cited as holding otherwise. However, in California and Nebraska a railroad is made a public highway by the state Constitution, while the Kansas decision was controlled by the terms of the grant by the United States government to the Union Pacific Railroad Company. In the case of Sapp v. Northern Central Railway Co., 51 Md. 115, it was also held otherwise. No case in our courts has been cited,

and I have found none, definitely deciding the question. Prescription rests upon the presumption of a lost deed after adverse use and enjoyment for 20 years. This period has been adopted by the courts as the prescriptive period from analogy to the statute of limitations. Lewis v. N. Y. & Harlem Railroad Co., 162 N. Y. 202, 223, 56 N. E. 540. It does not seem to me that the deed of a right of way which is presumed to have been lost must necessarily be the deed of an owner of the fee, but that the loss of a deed of a right of way by a party holding only an easement may be presumed which would be effective during only the existence of the easement.

2. Appellant's second point assumes that the respondent accepted the lease of a right of way tendered by the appellant, which was not the fact. Hence the subject need not be considered.

[3-5] 3. Appellant's third point is that a complete determination of the controversy cannot be had without the presence of other parties, its claim being that the respondent was a tenant in common of the one-acre parcel and that the other tenant in common should have been joined as a party to the action. The appellant, not having taken the objection by demurrer or answer, is deemed to have waived it. Code Civ. Proc. § 499. Furthermore, the parcel was conveyed to the respondent with the addition of the word "trustee," which the appellant claims was simply descriptio personæ. If the respondent held the parcel in trust, he had the right to bring the action without joining with him the persons interested. It appears, however, that he took the title with the understanding that he was to pay two other persons certain sums, and that he had already paid one of them in full, and under the arrangement which was made could pay the other at any time. This relation did not constitute the parties tenants in common, but doubtless gave the remaining creditor an equitable lien.

4. The fourth point in appellant's brief is that a right of way from necessity could only exist over the three-acre parcel to Whitbeck street. This is probably true, as is the statement that the owner of the one-acre parcel had also the right under the Railroad Law to insist upon a private crossing over the portion of the three-acre parcel taken by the railroad company. But neither is very material, excepting as together they indicate the reason for the Saratoga & Hudson River Railroad Company placing the gate in the fence, condemning the whole of lot No. 4 (the Conine lot), and acquiescing in the passing of the occupants and owners of the one-acre parcel over that lot to Mansion street. This right of way was evidently given by the railroad company in consideration of the relinquishment by the owner of the one-acre parcel of his claim of a right of way from that parcel to Whitbeck street. Whatever the fact may have been, it is probable that it cannot now be definitely proven, as one of the witnesses testifies that the owner of the three-acre parcel, at the time of the condemnation, has been dead for probably 30 years.

5. Contrary to the statement in appellant's fifth point, the evidence seems to establish an easement over the Conine lot.

The application for a reargument should be denied.

The application for leave to go to the Court of Appeals should be dismissed, as unnecessary. All concur.