Town of Hempstead, Plaintiff, v. Long Island Railroad Company, Defendant.

Supreme Court, Nassau County, March, 1923.

Highways — streets shown on map filed in clerk's office — sufficient dedication — injunction — when town can enjoin railroad from closing such a street at a grade crossing.

Upon certain maps filed in the office of the clerk of Queens county in 1892 and 1893 by the owners of lands shown thereon, Terrace place, a public highway of the town of Hempstead, was laid down. When Nassau county was set off and established said maps were filed in the clerk's office of that county. In the years 1894–1897 and in 1904–1906 lots were conveyed with distinct reference to said maps and Terrace place, and for seven years last past the town has done work on Terrace place at its own expense. Held, that upon the facts there was a dedication and acceptance of Terrace place on either side of the defendant railroad company as a town highway.

In an action brought under section 73 of the Highway Law the evidence, together with the concessions of defendant, established that Terrace place across the railroad tracks of defendant has become a public highway, sixteen feet in width, and was left open solely for the use of those desiring to cross the tracks independent of any business which they might have with the defendant. Held, that plaintiff was entitled to judgment enjoining the defendant from closing the crossing.

Suit for an injunction.

*Henry L. Maxson*, for plaintiff.

*Joseph F. Keany* (*Edward B. Newburn*, of counsel), for defendant.

Benedict, J.    Section 73 of the Highway Law reads as follows, " The town superintendent shall bring an action in the name of the town, against any person or corporation, to sustain the rights of the public, in and to any town highway in the town, and to enforce the performance of any duty enjoined upon any person or corporation in relation thereto, and to recover any damages sustained or suffered, or expenses incurred by such town, in consequence of any act or omission of any such person or corporation, in violation of any law or contract in relation to such highway." The present action is brought under this provision. It is the contention of the plaintiff that Terrace place is and for the past thirty years has been a public highway of the town of Hempstead and that the defendant, the Long Island Railroad Company, is seeking to close it contrary to law. The defendant, at the trial, offered

32

no evidence but rested its case on the evidence submitted by the plaintiff. The salient facts that I deem to be established by the evidence are these: The street in question was laid down on certain maps filed in 1892 and 1893 in the office of the clerk of Queens county showing land at Valley Stream and copies of those maps were later filed in the office of the clerk of Nassau county when that county was set off and established. These maps were filed by the owners of the lands shown thereon and in the years 1894, 1895, 1896, 1897, 1904, 1905 and 1906 lots were sold to various persons with distinct reference to the maps and Terrace place as laid down thereon. The town of Hempstead has done work on Terrace place at its own expense for some seven years last past, thereby indicating that so far as the town is concerned it has accepted the dedication of this street as a town highway. On the facts shown I think there was a dedication and acceptance of Terrace place on either side of the railroad, and the only real question is whether there has been such user or such action on the part of the defendant as to make the way across the tracks a part of the public street. It was conceded by the defendant that for thirty years last past people have driven with wagons, carriages and automobiles (since their introduction) and have walked on Terrace place, crossing the railroad tracks. It also appeared that the crossing at Terrace place was planked by the railroad, that is, planks were placed longitudinally between the rails and outside of the rails, so as to make it convenient for vehicles to go across the tracks.

In my opinion, the evidence, with the concessions, establishes that Terrace place across the railroad tracks has become a public highway of sixteen feet in width. This case differs from such cases as *N. Y. Central & H. R. R. R. Co.* v. *Village of Ossining*, 141 App. Div. 765; affd., 207 N. Y. 648; *Concklin* v. *New York Central & H. R. R. R. Co.*, 149 App. Div. 739, and *Lehigh & H. R. R. Co.* v. *Village of Warwick*, 164 id. 55, where the land left open and used by the public was at a railroad station, where it was or might be used by the railroad and its patrons. In the present case there was no reason for the defendant leaving the crossing open for its own use or the use of its patrons. It was left open solely for the use of persons desiring to cross the tracks independent of any business which they might have with the defendant.

Judgment for the plaintiff enjoining the defendant from closing the crossing. Decision proposed by plaintiff signed; defendant's requests to find passed upon. Let the plaintiff submit a judgment in conformity with the decision.

Judgment accordingly.