J. Stuart Young et al., on Behalf of Themselves and All Other Property Owners in the Summerville Tract, Plaintiffs, *v.* Joseph J. Scofero, Defendant.

Supreme Court, Special Term, Monroe County, January 18, 1954.

*Merle Lewis Sheffer* for plaintiffs.

*Louis Briskin* for defendant.

HENRY, J. This action was brought by owners of a lot in the Summerville Tract, in the town of Irondequoit, suing on behalf of themselves and other property owners in the tract, against the owner of a number of lots and the beach area lying between the lots and Lake Ontario, as shown on the filed map of the tract.

The plaintiffs seek judgment that they and the other lot owners have an easement in and over the beach shown on the map of the Summerville Tract, for bathing, boating and other recreational purposes; that the public has no easement in the beach, and that the defendant be enjoined from making changes in the topography of the beach and from making or placing any improvement or structures thereon.

The plaintiffs claim that they and the other lot owners, because of what appears on the filed map, by reference to which their property was described in the original conveyance thereof, have an easement for bathing, boating and other recreational purposes in and to the beach area shown on said map. They further claim that their easement is an exclusive easement and that they are entitled to an injunction restraining the defendant from changing the beach or from constructing a public parking station adjoining it, so that the users of the parking lot might go onto the beach and interfere with the easement which the plaintiffs and other lot owners have in it.

The defendant admits that the plaintiffs and the lot owners have an easement in the beach. He claims, however, that their easement is not exclusive and further claims that he has a right to grant easements over the beach to others.

Whatever easements appurtenant to the plaintiffs' property may exist in defendant's beach arises solely by implication. Hence the question is one of intention, to be answered like questions of intent generally in the light of all the circumstances. What appears on the filed map, by reference to which the property of the plaintiffs was described in the original conveyance, is an important circumstance. (*Erit Realty Corp.* v. *Sea Gate Assn.*, 259 N. Y. 466.)

The map shows a tract of land fronting on Lake Ontario, a part of which is subdivided into 199 lots. A strip along the lake 3,217 feet long is marked " Beach ". Ten streets are shown on the map, running in a northerly direction up to the beach area, connecting the lots with it. The map bears the legend: " Map of Summerville at Lake Side Irondequoit, N. Y. Applications for Purchase of Lots should be made to W. B. Levet."

It is fairly and reasonably inferred from the map that an easement in the beach passed as an appurtenance upon the sale of each of the lots in this subdivision by reference to the map. The conveyance of lots by reference to the map showing 3,217 feet of beach, 199 lots and land not divided into lots, by implication granted an easement to each grantee, to make reasonable use of the beach in common with reasonable use thereof by the owners of the other lots and lands in the subdivision.

Their easement was to exercise that use upon a beach no more crowded than a beach would be by reasonable ordinary use thereof by the owners of all the lots and property shown on the map.

No lot owner acquired a right to burden or overcrowd the beach beyond such reasonable use, because their easements

would be rendered of little or no value if the beach should be so overcrowded. It is clear that if the easements were to be beneficial to the several lot owners no lot owner should have a right to go beyond reasonable use of the beach, otherwise one lot owner might overcrowd the beach to such an extent that the other lot owners could not enjoy their use of it.

By looking at the map each lot owner could see how many lots and how much land was to be sold off in this subdivision. All of the occupants of these lands would share in the use of the beach, and the easement that each acquired was to reasonably use the beach which would be also reasonably used by the owners of all the other property shown on the map.

Having thus determined the rights of the lot owners as established by deeds to them and the map therein referred to, it remains to be decided whether or not those rights have been changed or lost.

It is contended by the defendant that the plaintiffs are estopped from denying the defendant the proposed use of his land because they permitted the railway company to invite the public to Summerville Beach for sixty years, and permitted the public to use the beach.

On June 5, 1893, certain landowners in the tract entered into an agreement with Rochester & Irondequoit R. R. Co. The plaintiffs' lot and the lot adjoining it on the west were then owned by David Copeland. He was not a party to the agreement. The plaintiffs are not bound by its terms.

The agreement recited that the land owners were desirous of having the railroad company construct an electric railroad from Summerville to Rochester and provided that a portion of the beach should be kept as a park for the common use of the land owners and the public.

The plaintiffs are not estopped from maintaining this action because they permitted the public to use a portion of the beach. No rights were thereby gained by the public and none lost by the plaintiffs. (*Post* v. *Pearsall,* 22 Wend. 425; *New York Central & H. R. R. R. Co.* v. *Village of Ossining,* 141 App. Div. 765, affd. 207 N. Y. 648.)

The lot owners who signed the agreement with the railway company thereby modified their easement in the beach to the extent that the public might use a portion of the beach in connection with the operation of the railroad.

Otherwise, their easement continued to exist as it had been granted to them.

The defendant, as owner of lots in the subdivision, has the same easement in connection with the use of them that the other lot owners have. The use of the lots by him and his invitees must be reasonable so as not to burden or overcrowd the beach beyond a reasonable use by his lots. He has, as the owner of the beach, the right to use the beach for any purpose, which will not interfere with the easement which the lot owners have in it.

The defendant proposes to construct an automobile parking lot upon his property which adjoins the beach, which he claims would be useful to visitors to the government pier, the refreshment stands, the coast guard station, as well as to the beach.

Such use, by the defendant's customers and invitees, of the beach would constitute an unreasonable use thereof, resulting in an overcrowding of the beach beyond a fair and reasonable use, thus constituting an interference with the easement of the plaintiffs and other lot owners.

Plaintiffs are entitled to judgment that they and those persons similarly situated have an easement in and over the beach shown on said map of the Summerville Tract, for both boating, bathing and other recreational purposes; that the public has no such easement in said beach; that the defendant be permanently enjoined from making such use of his lands or the beach area, as would interfere with the easement of the plaintiffs and those persons similarly situated.

Let judgment enter accordingly, with costs.