CLAYTON E. JENKINS et al., Respondents, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, December 23, 1955.

*Vincent G. Connelly* for appellant.

*N. LeVan Haver* for respondents.

FOSTER, P. J. This is an appeal by defendant from a judgment of the Supreme Court, Ulster County which enjoined the defendant railroad company from interfering with the use by plaintiffs of an alleged crossing.

On the argument of this appeal defendant raised only two points: (1) the evidence does not justify the finding that the user by plaintiffs of the crossing was under a claim of right; (2) the evidence does not rebut the presumption that the user

by plaintiffs was anything but permissive. It will be noted that user was not questioned, and indeed there does not appear to be any substantial factual issues in dispute.

The crossing in question was situated in Ulster County near the southeasterly end of a body of water known as Williams Lake, and crossed a branch railroad owned by the defendant which runs from Kingston to Montgomery, New York. The individual respondents are all owners of land on the northerly side of Williams Lake, on which have been built summer camps and homes. The corporate respondent is the owner of land on the easterly side of the railroad at the point where the crossing existed. It also owns lands westerly of the tracks but not at the site of the crossing. For many years the land east and west of the crossing was owned by the Lawrence Cement Company and its successor the Consolidated Rosendale Cement Company. At that time the crossing was lawfully used for business purposes by reservation in a deed from the Lawrence Cement to the railroad's predecessor in title and, as conceded by the defendant, as a farm crossing pursuant to the provisions of section 52 of the Railroad Law.

This situation continued until some time in 1932 when the ownership of lands on the easterly side and westerly side of the railroad at the site of the crossing became diversified. The absolute right to use the crossing for the purposes heretofore specified then went out of existence. However from 1932 until the railroad company barricaded the crossing on February 3, 1949, the crossing was used by all of the respondents as a means of access to their respective properties. Such use was continuous and was without interference on the part of the defendant until the crossing was barricaded in 1949. There is testimony concerning, and some argument over, whether the crossing was the only means of access to the lands of the respondents. This is not material. The trial court held that respondents acquired a right of way by prescription, and that is the only issue in the case. It is elementary that a right of way by prescription does not depend upon necessity.

Defendant argues, at least obliquely, that a railroad is virtually immune from the attachment of a prescriptive right of user. Doubtless this is so where the user is consistent with ordinary railroad purposes and the same that is enjoyed generally by the public (*Concklin* v. *New York Central & Hudson Riv. R. R. Co.*, 149 App. Div. 739, affd. 207 N. Y. 752). But this rule cannot be blindly followed in crossing cases. A right of way over a railroad crossing may be obtained by prescription

(*Hood* v. *New York Central & Hudson Riv. R. R. Co.*, 164 App. Div. 917, affd. 221 N. Y. 519).

The real issue in this case is whether the proof justified a finding that the user by respondents was open, notorious, and uninterrupted under a claim of right. The proof here shows beyond dispute that the user was open, notorious and uninterrupted. It must be presumed therefore to be adverse and under a claim of right (*Pirman* v. *Confer*, 273 N. Y. 357). The burden was cast on defendant to show that the user was merely by license. We find nothing in the record which tends to supply such proof and hence we think the Official Referee was justified in finding that respondents acquired a right of way by prescription.

The judgment should be affirmed, with costs.

BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Judgment affirmed, with costs.