PRO-FAC COOPERATIVE, INC., Respondent, *v.* BALTIMORE AND OHIO RAILROAD COMPANY, Appellant.

Fourth Department, May 20, 1971.

Wiser, Shaw, Freeman, VanGraafeiland, Harter & Secrest (*Ellsworth VanGraafeiland* of counsel), for appellant.

*Harris, Beach & Wilcox* (*James M. Hartman* and *William L. Dorr* of counsel), for respondent.

CARDAMONE, J. The Baltimore and Ohio Railroad Company (Railroad), appellant, notified Pro-Fac Cooperative, Inc. (Pro-Fac), respondent, that on December 3, 1968 it intended to close the grade crossing over its tracks southerly from and adjacent to respondent's 12-acre industrial parcel in the Village of Le Roy, New York. Respondent thereupon instituted the instant proceeding and was granted judgment permanently enjoining appellant from interfering with its right of way and easement over appellant's tracks. From this determination the Railroad has appealed.

The Railroad's predecessor acquired its right of way to lay tracks by condemnation in 1877. Section 52 of the Railroad Law is the successor to statutes first enacted in 1850 (L. 1850, ch. 140, § 44, as amd. by L. 1854, ch. 282, as amd. by L. 1864, ch. 582) which statutes automatically granted to earlier grantors

in respondent's chain of title a farm crossing right of way in the 1877 condemnation.

In 1886 a deed in respondent's chain of title (Bissell to Lent) reserved a farm crossing 3 rods wide running from the south side of a parcel (of which the 12 acres were a part) southerly across the railroad tracks to Lent Avenue which runs in a southerly direction to its intersection with Main Street. This same reservation of an easement was incorporated in every deed, with one exception, down to the present. The exception is a deed from respondent's predecessor to appellant's predecessor (Le Roy Salt Co. to Buffalo, Rochester and Pittsburgh Railway Company in 1923) of a strip of land northerly from and adjacent to the tracks (obtained by the Railroad to widen its right of way) which strip runs across the northerly line of the 3-rod farm crossing. There was no reservation of an easement for crossing the tracks contained in this deed.

From 1876 to 1894 the parcel now owned by respondent was farmland. In 1894 it was acquired by Le Roy Salt Company. The property was thereafter used as a salt works until 1927 when the salt plant discontinued its operations and the buildings and premises fell into disuse. A number of witnesses testified that for 50 years or more (as early as 1910) the crossing had been used by the Salt Company and the public in general as part of a short-cut between Main Street and Lake Street. There is a paved road leading from the 12-acre parcel directly out to Lake Street without using the crossing easement. However, the use of the crossing by the public coming from Lent Avenue into respondent's premises as part of a short-cut to Lake Street continues to the present.

Pro-Fac since 1965 has developed these premises industrially by constructing two buildings which it leased to Continental Can and C-B Foods, Inc. These companies had entered into negotiations with appellant Railroad to obtain private crossing agreements. The negotiations terminated when appellant requested the agreements to be executed by the two companies who refused because their lessor, respondent, claimed it already had an existing easement to cross appellant's tracks.

Until 1894 the respondent's predecessors' right to use this farm crossing was statutorily granted to them and held by them as a matter of right. No easement could ripen under such circumstances. When the 12-acre parcel, no longer farmed, was sold in 1894 for industrial purposes, the statutory grant to use the farm crossing ceased (*Smith* v. *New York Cent. R. R. Co.*, 235 App. Div. 262, 265).

Thus, any claim by respondent to an easement by prescription commencing in 1894 depends on a supposed grant arising from long possession and exercise of right by the user (2 N. Y. Jur., Adverse Possession, § 116). But where, as here, the use originally arises from statutory permission, such use is presumed to continue under permission until the contrary is shown. Moreover, because of the general use made by the public of railroad crossings, there must be some distinctive and decisive act on respondent's or its predecessors' part indicating an exercise of exclusive right sufficient to notify the owner of the user and of the claim of right (*Di Leo* v. *Pecksto Holding Corp.*, 304 N. Y. 505; *Harrison* v. *New York Cent. R. R. Co.*, 255 App. Div. 183, 188, affd. 281 N. Y. 653; *Hood* v. *New York Cent. & Hudson Riv. R. R. Co.*, 163 App. Div. 833, 837, 164 App. Div. 917, affd. 221 N. Y. 519).

Further, the proof of such decisive or distinctive act must be shown by clear and convincing evidence (2 N. Y. Jur., Adverse Possession, § 8). We find no evidence of any distinctive act of exclusive possession by respondent or its predecessors in this record.

From 1910 to the present, respondent's use of this crossing has been in common with the public. This use is not exclusive and will not ripen into an easement by prescription (2 N. Y. Jur., Adverse Possession, § 52; *Pirman* v. *Confer*, 273 N. Y. 357, 363; *Peck* v. *State of New York*, 15 A D 2d 443, 446).

There is no evidence here to indicate an exclusive use by respondent from 1894 to 1910. Even assuming it was exclusive for this 16-year period, however, in order to obtain an easement by prescription by adverse use, the mandated statutory period at that time was 20 years (Code Civ. Pro., § 367; Code of Procedure, § 82).

The reservation of the easements contained in all the deeds from 1886 to the present might have preserved an easement, if one existed, but the language used could not create one (*Pagano* v. *Kramer*, 21 N Y 2d 910, 911). Nevertheless, even if the easement existed, respondent's predecessor extinguished it by deeding to appellant's predecessor a strip of land, a portion of which blocked off the northern entrance to the crossing without any reservation of right (see *Pagano* v. *Kramer, supra*, p. 912).

Finally, respondent failed to prove a public right of way by prescription. There is no proof that the Village of LeRoy ever exercised dominion over the crossing, took charge of it, or maintained it. Mere travel by the public over a crossing is insufficient to establish a public easement by prescription (*Matter of*

*New York Cent. R. R. Co.* v. *Public Serv. Comm.,* 266 N. Y. 294, 297; *Johnson* v. *City of Niagara Falls,* 230 N. Y. 77, 83).

The judgment appealed from should be reversed and the complaint dismissed.

DEL VECCHIO, J. P., MARSH, WITMER and GABRIELLI, JJ., concur.

Judgment unanimously reversed, on the law and facts, with costs, and complaint dismissed.