██ RIVEMONT FARMS, LLC, Appellant, v NORTHEAST SOLITE CORPORATION, Respondent. [848 NYS2d 416]—

Rose, J. Appeal from an order of the Supreme Court (Lynch, J.), entered July 20, 2006 in Ulster County, which denied plaintiff's motion for summary judgment.

In 1987, defendant sold two parcels of land to Financial Packaging Corporation of Delaware (hereinafter FPC) while retaining an adjacent parcel which it used in a mining business. The parties' sale agreement and resulting deeds included two covenants restricting FPC's use of the land and two other covenants that affirmatively obligated FPC to plant trees and construct a berm as buffers between the parties' parcels. The first of these affirmative covenants required FPC to plant the trees no later than 12 months after closing and to maintain them for 24 months. The second affirmative covenant referred to a lengthy provision in the sale agreement which required FPC to construct a substantial earthen berm no later that 12 months after closing. Plaintiff ultimately obtained FPC's parcels in 2004 and, in 2005, commenced this action seeking a declaration that the covenants in the 1987 deeds are unenforceable. After joinder of issue, but before any discovery, plaintiff moved for summary judgment on the grounds that the deed covenants do not run with the land and their enforcement is barred by the statute of limitations, waiver or laches. Supreme Court denied the motion and plaintiff appeals.

While we agree with Supreme Court that there is conflicting evidence in the record as to whether FPC and defendant intended the deed covenants to run with the land (*compare Nicholson v 300 Broadway Realty Corp.*, 7 NY2d 240, 245-246 [1959]), we are nonetheless persuaded that plaintiff is entitled to summary judgment declaring the affirmative covenants to be unenforceable due to expiration of the statute of limitations. Because neither party alleges that FPC or one of its successors ever planted trees or constructed a berm, it is clear that the covenants, by their terms, were breached no later than 12 months after closing, which was the time specified for completion of FPC's obligations. As the limitations period for such breaches is six years (*see* CPLR 213 [1]) and that period expired

long ago, a claim by defendant for breach of those covenants now would be time-barred (*see Castle Assoc. v Schwartz*, 63 AD2d 481, 491-492 [1978]).

Nor do we agree with defendant's contention that the limitations period could only be commenced by its demand for compliance, since the affirmative covenants were required to be performed within a specified period of time (*compare Concklin v New York Cent. & Hudson Riv. R.R. Co.*, 149 App Div 739, 744 [1912], *appeal dismissed* 207 NY 752 [1913]). In any event, defendant demanded compliance when it commenced a legal action in 1990 against one of plaintiff's predecessors in interest. The record reflects that that action sought to enforce the deed covenants and was resolved by settlement. However, because defendant has not disclosed the terms of that settlement, it cannot be determined whether the settlement preserved or restricted defendant's right to enforce the covenants in the future. All that can be determined from the record is that the parties stipulated in the earlier action that any statute of limitations defense would be waived for one year. Since that time period expired in 1998, plaintiff would be free to raise that defense against a claim by defendant. Given that more than 15 years have passed since the original breaches and defendant's demand for compliance in 1990, plaintiff is entitled to a declaration that the affirmative covenants are unenforceable.

Finally, as an action to enforce the two restrictive covenants in the 1987 deeds would not be barred by the applicable statutes of limitations because no past breach has been alleged, we find no error in Supreme Court's implicit determination that there are questions of fact as to whether they run with the land.

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for summary judgment with respect to the alleged affirmative covenants; motion granted to that extent; and, as so modified, affirmed.