NEW YORK STATE ELECTRIC & GAS CORP., Respondent, v BRUCE
G. PERSSON, Appellant.

Third Department, October 19, 1978

### APPEARANCES OF COUNSEL

*Paternoster, Estes & O'Leary (Robert L. Estes* of counsel),
for appellant.

*Levene, Gouldin & Thompson (Paul C. Gouldin* of counsel),
for respondent.

## OPINION OF THE COURT

HERLIHY, J.

The plaintiff and defendant are owners of adjoining lots in Walton, New York. This dispute arose when the defendant placed a line of fence posts along his claimed boundary line in a way which prevented the plaintiff from using a driveway and swing around area which lies along the boundary of the two parcels and which provides access to a public street. The plaintiff asserts that its user of this area was of such a nature and duration that a prescriptive easement for ingress and egress arose. The defendant concedes that the use of the driveway for ingress and egress between Delaware Street and plaintiff's service garage and the swing around was open, visible, continuous and without objection by the defendant's predecessor in title for a period of time in excess of the prescriptive period.

The Trial Judge found that the driveway and swing around area were used continuously, openly, and without interruption from at least October, 1928 until September 17, 1975.

The plaintiff offered proof that the driveway portion of the premises, as delineated on a map thereof admitted in evidence as its Exhibit 15, was used five days per week by the plaintiff without any interference from 1928 until 1975 when the defendant interfered with such use. Further, the plaintiff offered proof that from 1939 or 1941 to 1975 there was an incidental use of an area adjacent to the driveway known as the swing-around area. This use consisted of the private transportation vehicles utilized by the employees and the several vehicles owned by the plaintiff and garaged or stored on the plaintiff's premises. There is further evidence that the snow removal was done by the plaintiff and that some of the expenses of maintenance and improvements of the area were shared by the plaintiff. It was further shown that deeds of the defendant's predecessor had been made expressly subject to any rights of the plaintiff. There is no showing in this record that any challenge to the plaintiff's right to use the driveway and swing around was made prior to 1975.

In *Hildreth v Goodell* (286 App Div 278, 280), where the facts were strikingly similar, the court stated: "[T]here is no proof from which it can be fairly inferred that such user in its inception was permissive in character. Thus the situation fits the pattern of the rule that adverse user may be inferred from the reciprocal use of a strip of land for driveway purposes. A

presumption is created under such circumstances that the use was adverse in character and the burden is cast on the owner of the alleged servient tenement to come forward with an explanation that will rebut the presumption—such for instance as proof of a license".

It has been stated that the proper justifications for the doctrine of prescriptive easements are the functional utility of helping to cause prompt termination of controversies before possible loss of evidence and the stabilization of long continued uses of property (3 Powell, Law of Real Property, pp 34-103 to 34-104; see *Moore v Day,* 199 App Div 76, 89 [KELLOGG, P. J., dissenting]). Under this view, the presumption of adverse use does not solely relate to a factual inference from a continued use; it is also based on public policy (see *Baker v Oakwood,* 123 NY 16, 30). An owner who permits other persons to conduct their affairs in reliance upon a long continued use of property (i.e., as long as the prescriptive period) should bear the burden of producing evidence of his right to stop such a use. It is reasonable to place such a burden on the owner because the granting of permission is an affirmative act and the burden can properly be placed on the party asserting the affirmative (4 Tiffany, Real Property [3d ed], § 1196a). Also, an owner who permits such long-standing uses while evidence dissipates can, in fairness, be saddled with this burden. Subsequent owners should be no better off because they take with notice of an open and continuous user.

The defendant raises a further issue concerning a purported lease and a letter written by an employee of the plaintiff. If we were to assume that the trial court erred in its ruling as to the applicability of this evidence, it would not be reversible error under the present circumstances. The lease in question was executed, and the letter in question was written, long after the prescriptive period ran and could not destroy a matured prescriptive right (see *Di Leo v Pecksto Holding Corp.,* 304 NY 505, 514; *Baker v Oakwood, supra; Knapp v City of New York,* 140 App Div 289).

The plaintiff, aided by the presumption of adverse user, has sustained its burden of proving the elements of a prescriptive easement.

The judgment should be affirmed, without costs.

SWEENEY, J. P., KANE, STALEY, JR., and MIKOLL, JJ., concur.

Judgment affirmed, without costs.