■ DENNISTON'S CROSSING, INC., Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 54718.)—Cross appeals from a judgment in favor of claimant, entered October 18, 1978, upon a decision of the Court of Claims. On August 13, 1971, the State appropriated 63.8 acres of claimant's land which is located north of Route 207 near the entrance to Stewart Airport in the Town of Windsor, Orange County. Zoned for industrial use with residential and agricultural use also permitted, the property was improved by three residences and two farm buildings for which the court adopted the State appraiser's valuation of $19,390. This figure is not contested on this appeal. As for the land itself, the State's appraiser found that its highest and best use was for residential purposes, and, claimant's appraiser testified that its highest and best use was for industrial, office and warehouse purposes. Ultimately, the court adopted the residential use for the property, and, valuing the land at $1,550 per acre, its total award to claimant for the land was $98,890. These cross appeals ensued. Initially, we

cannot agree with claimant's contention that the State's exhibits L and M were improperly admitted into evidence. While the exhibits in question, an industrial absorption analysis and a map used to explain it, were not contained in the State's appraisal report, their admission into evidence was not contrary to the appraisal rule of the Court of Claims, rule 25a (22 NYCRR 1200.27), which was in effect at the time of the trial. An examination of the record clearly establishes that the exhibits were allowed into evidence solely for the purpose of rebutting claimant's contention that the property had an industrial highest and best use and the exhibits were not utilized to evaluate claimant's land (cf. *Hewitt v State of New York,* 54 AD2d 812). Similarly, we cannot agree with the State's argument that the court erred in finding that claimant had a prescriptive right of access from its property to Route 207 by means of an easement over a roadway known as Armstrong Lane. For claimant to have such an easement, use of the roadway by it or its predecessors in title must have been "adverse, open and notorious, continuous and uninterrupted for the prescriptive period" *(Di Leo v Pecksto Holding Corp.,* 304 NY 505, 512), and in this instance there is ample documentary and testimonial evidence indicating that use of Armstrong Lane as an access road to claimant's property was open, notorious, continuous and uninterrupted for a period in excess of 100 years. Moreover, the State has failed to present evidence to rebut the presumption that use of the lane by claimant and its predecessors in title was adverse (see *New York State Elec. & Gas Corp. v Persson,* 64 AD2d 194, mot for lv to app den 46 NY2d 709), and the presumption is plainly not dispelled merely because others in addition to claimant and its predecessors may have made some use of the roadway *(Gardner v Suddaby,* 70 AD2d 990). Lastly, we find without merit the State's contention that the court did not adequately explain the basis for its finding of a land value of $1,550 per acre when the State's appraiser, whose opinion as to highest and best use the court adopted, had valued the land at $950 per acre. A reading of the court's decision reveals differences which it had with the State's appraisal which justify its finding a higher value for the land. These differences include the court's finding that claimant's easement over Armstrong Lane was 25 feet wide while the State's appraiser assumed an easement 10 feet wide. Additionally, the court rejected some of the State's comparable sales and found that the State had made excessive downward adjustments with regard to another sale. The court also personally viewed the property, and under all these circumstances, its award of damages is just and should not be disturbed. Judgment affirmed, without costs. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.