■ Vita Fichera, Respondent, v City of New York, Respondent, and Waxman Management Corp., Appellant.—In a negligence action to recover damages for personal injuries, defendant Waxman Management Corp. appeals from an order of the Supreme Court, Kings County, dated October 24, 1979, which denied its motion pursuant to CPLR 3216 to dismiss the action for want of prosecution. Order reversed, on the law, without costs or disbursements, the motion of defendant Waxman Management Corp. is granted, and the complaint is dismissed as against said defendant. On April 19, 1979, almost three years after joinder of issue, defendant Waxman Management Corp. served plaintiff's attorney

with a 90-day "demand" pursuant to CPLR 3216 (subd [b], par [3]), in the manner prescribed by law. Plaintiff does not dispute that the demand was received by her attorney shortly thereafter. However, it was not until August 21, 1979, about one month after the expiration of the 90-day period commencing with plaintiff's receipt of the demand, that plaintiff's attorney, apparently in response to the instant motion, first attempted, unsuccessfully, to place the action on the Trial Calendar. Plaintiff's attorney has offered no excuse whatsoever for his failure to attempt to place this action on the Trial Calendar within the 90-day period following his receipt of defendant Waxman's demand. Moreover, plaintiff's attorney's delay in placing the action on the Trial Calendar is characteristic of the desultory manner in which this action has been prosecuted. For example, plaintiff's bill of particulars was not served until June 25, 1979, more than three years after it was requested. Under these circumstances, it was an abuse of discretion to have denied the motion of defendant Waxman Management Corp. We note that this action may not be dismissed against the codefendant since, *inter alia,* the codefendant never served plaintiff with a demand to place the action on the Trial Calendar. (See CPLR 3216.) Mollen, P. J., Titone, Margett and Weinstein, JJ., concur.