## FOURTH DEPARTMENT, MARCH, 1981

## (March 27, 1981)

■ SUSANNE M. BEUTLER et al., Appellants, v ROGER MAYNARD et al., Respondents. — Judgment insofar as it dismisses the complaint as to plaintiffs Beutler and Randazzo unanimously reversed, on the law and facts, and judgment granted in their favor, and otherwise judgment affirmed, without costs. Memorandum: Plaintiffs seek to enjoin defendants from interfering with access to their cabins over a right of way known as Linwood Drive Extension which runs northeasterly from Linwood Drive, extending approximately 1,000 feet through defendants' property to a 181-acre tract of land upon which plaintiffs' cabins are located. The extension is a well delineated right of way marked by fence lines along each of its sides. One of the cabin sites is owned by plaintiffs Beutler and Randazzo; the other is owned by plaintiffs Hause. The trial court dismissed the complaint upon its finding that plaintiffs had not established a prescriptive easement. Although the entire tract was acquired by Kenneth and Donna Reiss in 1959, the cabin site parcels must be separately considered. The Beutler-Randazzo cabin was built in 1962 by people named Lamson immediately following their purchase of the site from the Reisses. The Lamsons regularly traveled over the extension to gain access to the cabin on summer weekends during the period of their ownership from 1962 to 1972 when they reconveyed the site to the Reisses. Thereafter the cabin was briefly subject to a land contract with people named Gallion and in 1974 it was conveyed by the Reisses to plaintiffs Beutler and Randazzo who made regular summertime use of the extension and of the cabin until defendant Maynard closed off the right of way in September, 1978. Construction of the cabin of plaintiffs Hause was commenced by one Bolduc who purchased the cabin site from the Reisses in 1963 and who reconveyed it, together with the unfinished cabin, to the Reisses in 1970. There is no testimony in the record as to when construction of the cabin was commenced and Bolduc testified that he visited the property on a very limited basis and only during two or three years of the several years of his ownership. The Reisses conveyed the site to the Humphreys who occupied the cabin as a permanent residence from 1971 to 1978 but the record is devoid of testimony as to use of the extension by the Humphreys. In 1978 the parcel was reacquired by Kenneth Reiss who conveyed the same to plaintiffs Hause in July, 1978. The Hauses visited the cabin three times before defendant Maynard denied access along the extension. In dismissing the complaint after a nonjury trial, the court found that plaintiffs had failed to establish continuous use and had failed to meet their burden to prove that the use was without permission of defendants. To establish a prescriptive easement one must prove by clear and convincing evidence (Pro-Fac Coop. v Baltimore & Ohio R.R. Co., 36 AD2d 441) that the use was "adverse, open and notorious, continuous and uninterrupted for the prescriptive period" (Di Leo v Pecksto Holding Corp., 304 NY 505, 512). A showing that the use was open and notorious, continuous and uninterrupted for the required time gives rise to a presumption that the use was

adverse, and the burden is upon the servient landowner to prove that the use was by permission *(Di Leo v Pecksto Holding Corp., supra; Pirman v Confer,* 273 NY 357; *Denniston's Crossing v State of New York,* 76 AD2d 988). Here, defendants having offered no proof that the use was permissive and plaintiffs having demonstrated that the use was open and notorious, it follows that if the use was continuous and uninterrupted for the prescriptive period, defendants failed to rebut the presumption of adverse use. A principal purpose served by the requirement of continuous use is to give notice to the landowner that a hostile claim is asserted *(Jansen v Sawling,* 37 AD2d 635; *Merriam v 352 West 42nd St. Corp.,* 14 AD2d 383). The requisite of continuity depends upon the nature of the right claimed (see Washburn, Easements and Servitudes [4th ed], p 167). "An adverse use is continuous when it is made without a break in the essential attitude of mind required for adverse use" (Restatement, Property, Servitudes, § 459, subd [1]). The use need not be constant. It "may be continuous though there are periods of time more or less extended between the specified acts of use" (Restatement, Property, Servitudes, § 459, comment *b;* compare *Weinberg v Shafler,* 68 AD2d 944, affd 50 NY2d 876, with *Battista v Pine Is. Park Assn.,* 28 AD2d 714). Here the cabin of plaintiffs Beutler and Randazzo was principally used during the summer months, and they and their predecessors made regular use of the extension as a means of access (see 4 Tiffany, Real Property [3d ed], § 1202; 25 Am Jur 2d, Easements & Licenses, § 56). Where such regular seasonal use is made for access to a summer cabin, a landowner may not reasonably believe that a hostile claim is not being asserted. The presence of the cabin, although not constantly inhabited or utilized, is a clear expression of intention to use the right of way; use of the extension was actual, not merely threatened, and defendants were not powerless to stop the use during the prescriptive period (cf. *Merriam v 352 West 42nd St. Corp.,* 14 AD2d 383, *supra).* There is privity of estate running from the Lamsons to plaintiffs Beutler and Randazzo, and undoubted intention on the part of the latter's predecessors in title to convey the easement (see *Belotti v Bickhardt,* 228 NY 296). We conclude, therefore, that plaintiffs Beutler and Randazzo have established the elements of a prescriptive right of way for the required prescriptive period (see CPLR 212, subd [a]) and are thus entitled to injunctive relief. Plaintiffs Hause, however, have failed to establish that their use, and that of their predecessors, was continuous for 10 years prior to its interruption. There is no privity of estate between them and the Lamsons. In light of Bolduc's testimony as to his limited use of the extension and the absence of proof as to when the cabin was built, a prescriptive easement has not been established. (Appeal from judgment of Cattaraugus Supreme Court — injunction.) Present — Dillon, P.J., Cardamone, Simons, Doerr and Moule, JJ.