■ JOHN C. FILA et al., Respondents-Appellants, et al., Plaintiff, v JOSEPHINE ANGIOLILLO et al., Appellants-Respondents, et al., Defendant. — Cross appeals from a judgment of the Supreme Court in favor of plaintiffs, entered September 23, 1980 in Greene County, upon a decision of the court at Trial Term (Cobb, J.), without a jury. Plaintiffs John C. Fila and Sandra K. Fila, his wife, purchased property on January 30, 1978 which adjoined lands owned by defendant Josephine Angiolillo. The Angiolillo land was bisected by an unnamed gravel road which provided access to the Fila property. This road had existed for over a hundred years. Prior to 1940, the road was a through road but by 1940 it dead-ended at the house located on plaintiffs' property and was primarily used for access purposes by plaintiffs' predecessors in title and their invitees and not by the general public. In 1971, the Angiolillos erected a gate across the entrance of the road but the Derrycks, immediate grantors of the Filas, insisted upon use of the road and defendants thereafter never inhibited their use of the road. The Filas and John Halstead, a user of the road, commenced this action for a declaratory judgment declaring the road to be a public road, or, in the alternative, that plaintiffs have a prescriptive right to use the road. The trial court, after a nonjury trial, determined that there was insufficient evidence to establish a public way by user and dismissed that cause of action. The court did, however, declare that Mr. and Mrs. Fila had a prescriptive easement to use the road in dispute. These cross appeals by the Filas and the Angiolillos ensued. There should be an affirmance. A prescriptive easement was established by plaintiffs' predecessors in title, which right to use the road in dispute passed to plaintiffs. It is well settled that a prescriptive easement arises by the adverse, open, notorious, and continuous use of another's land for the prescriptive period. Exclusive use of the land is not required. Such use of a right of way is presumed to be adverse and casts the burden upon the owner of the servient tenement to show that the use was by license (*Pirman v Confer,* 273 NY 357, 363; *Beutler v Maynard,* 80 AD2d 982; *New York State Elec. & Gas Corp. v Persson,* 64 AD2d 194, 196). Plaintiffs established that their predecessors in interest and their invitees used the road in dispute continuously, almost exclusively, and notoriously, especially from 1940 through 1965, as a means of access to the Fila property. By reason thereof, the presumption of adversity attached casting upon defendants the burden of showing that the use was by license. Defendants failed to successfully bear this burden. Defendants' attempt to rebut the presumption of adversity by showing that defendants specifically permitted the current owner use of the road is of no avail since the prescriptive right had already matured (see *New York State Elec. & Gas Corp. v Persson, supra*). The contention of defendants that there was a failure to show that the prescriptive right was passed along by privity of estate is without merit. A matured easement appurtenant, as here exists, passes with the transfer of the dominant estate so long as there is privity of estate and undoubted intent, as here, to convey the easement (*Beutler v Maynard, supra*). The trial court properly dismissed plaintiffs' first cause of action to declare the road a public road. If the road were

to be declared a town highway, the town would be responsible for its maintenance and repair. The town, therefore, as defendants contend, has an interest in the disputed land and title cannot be determined without its joinder (*Leach v Gary,* 54 AD2d 688; see CPLR 1001; RPAPL 1511). In view of our disposition of this first cause of action on procedural grounds, we do not reach the merits raised therein. Judgment affirmed with costs to plaintiffs Fila. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.