■ CARL W. MILLER et al., Respondents, v FRANK A. BETTUCCI, Appellant, et al., Defendant. — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered August 14, 1981 in Tompkins County, upon a decision of the court at Trial Term (Bryant, J.), without a jury. In 1955, plaintiffs purchased property on Cayuga Lake, and 12 years later, in 1967, defendant Bettucci purchased the adjoining property immediately north of plaintiffs' land. Prior to their purchases, both plaintiffs and defendant Bettucci saw a map which showed a semicircular concrete driveway passing through the two properties, beginning and ending on plaintiffs' parcel and, in the middle, curving northward onto Bettucci's parcel. Plaintiffs and their tenants used this driveway continuously from 1955 until the present. Over that period, plaintiffs repaired the driveway several times, sometimes blocking it off while making these repairs, and occasionally had cars that were parked at the top of the driveway towed away. In contrast, for the 10-year period from 1967 to 1977 after Bettucci bought his land, he visited it just two or three times a year and on only some of these visits used the driveway. In 1977, he contracted with defendant Hilker to build a house on his property and told Hilker to use the driveway for access to the construction site. Hilker did once use the driveway to drive a backhoe onto the property. Thereafter, however, plaintiffs refused to allow Hilker use of the driveway, had him charged with trespassing, and commenced this action seeking, *inter alia,* a declaration that plaintiffs own the driveway by adverse possession and an injunction against defendants' use of the driveway. Defendants in response sought dismissal of the complaint, an injunction against plaintiffs' using the driveway, and damages. The trial court granted plaintiffs a prescriptive easement over the driveway, enjoined defendant Bettucci from using that part of the driveway on plaintiffs' property, and dismissed defendants' counterclaim. Defendant Bettucci has appealed. A prescriptive easement arises by the adverse, open, notorious, and continuous use of the land of another for the prescriptive period (*Fila v Angiolillo,* 88 AD2d 693). It is undisputed that plaintiffs' use of the driveway was open, notorious, continuous, and for more than the prescriptive period. On this appeal, defendant Bettucci contends that plaintiffs did not prove that their use was adverse. However, open, notorious, and continuous use of a right of way gives rise to a presumption that the use was adverse, and shifts the burden onto the owner of the servient tenement to show that the use was by permission (*Pirman v Confer,* 273 NY 357, 363; *Fila v Angiolillo, supra; Beutler v Maynard,* 80 AD2d 982; *New York State Elec. & Gas Corp. v Persson,* 64 AD2d 194). Since Bettucci has not shown that plaintiffs' use of the driveway was permissive, he has failed to rebut the presumption of adverse use. Therefore, the trial court correctly

found that plaintiffs had established the elements of a prescriptive easement and that they were entitled to an injunction. Bettucci's further contention, that under the same principles he is also entitled to a prescriptive easement, is without merit. His use of the driveway was not continuous, for he only visited his property two or three times a year and even then did not always use the driveway. Furthermore, the record indicates that Bettucci's use was by permission of plaintiffs. Thus Bettucci has not established the elements of a prescriptive easement. And since he had no prescriptive right over the driveway, he is clearly not entitled to damages against plaintiff for their restriction of his use of the portion of the driveway on their property. Judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.