■ FRANCES BRADY, as Administratrix of the Estate of ROBERT BRADY, Deceased, Respondent, v REYNOLDS PRINTASIGN COMPANY et al., Appellants. — Order of the Supreme Court, New York County (Pecora, J.), entered July 20, 1982 reversed, on the law, without costs, and the motion to vacate the 90-day notice served by defendants pursuant to CPLR 3216 denied. Order of the Supreme Court, New York County (Pecora, J.), entered July 29, 1982 denying the motion of defendants to dismiss plaintiff's complaint on the ground of lack of prosecution, reversed, on the law, without costs, and the motion to dismiss the complaint granted. This action was commenced on February 20, 1979 to recover damages suffered by reason of the death of plaintiff's son who was struck and killed by a truck on February 23, 1977. Plaintiff served her bill of particulars in February, 1980 and on December 11, 1980 defendant Clapp, the operator of the vehicle, was deposed. Thereafter, on March 3, 1982 defendant served a notice by mail pursuant to CPLR 3216, requiring plaintiff to place the case on the calendar. On June 3, 1982, the 92nd day after the notice had been served, and one day short of the expiration of the 90-day period (making the required allowance for service of the notice by mail), plaintiff moved, by motion returnable June 11, 1982, to vacate the 90-day notice. The alleged basis therefor is that a notice to take the deposition "of the defendants, by their agents, servants and/or employees having knowledge of the facts" is still outstanding. Thereafter, on June 11, 1982, while the motion to vacate the 90-day notice was *sub judice,* defendant moved to dismiss the complaint for failure to prosecute. Special Term granted the motion to vacate the 90-day notice and denied the motion to dismiss for failure to prosecute. In the 15-month period between the examination of Clapp before trial and the service of the 90-day notice, no discovery proceedings were conducted by plaintiff. Indeed, during that period plaintiff did not even request a further examination of either defendant. If as plaintiff claims, knowledge of the mechanical condition of the truck is vital to her action, the failure to pursue the avenues available to her to

obtain such information, not only in the 15-month period intervening between Clapp's deposition and the service of the 90-day notice but in the period between service of such notice and the making of the motion to vacate it — an aggregate period of 18 months — may properly be classified as law office failure (see *Sortino v Fisher,* 20 AD2d 25). In these circumstances it was an abuse of discretion, as a matter of law, to grant plaintiff's motion to vacate and to deny defendants' motion to dismiss. Concur — Ross, J. P., Asch, Bloom, Fein and Lynch, JJ.