■ BEN P. AQUILINO, Appellant, v ADIRONDACK TRANSIT LINES, INC., et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered March 16, 1983 in Ulster County, which granted defendants' motion to dismiss the action for failure to prosecute. In this personal injury action arising out of an auto accident, issue was joined in November of 1979. Following defendants' motion to preclude, for discovery, and for authorization to obtain medical reports, plaintiff was served on August 6, 1982 with a CPLR 3216 90-day demand to file a note of issue. Special Term granted defendants' motion to dismiss made four months later, giving rise to this appeal. The sanction of dismissal will be avoided only upon demonstration of a justifiable excuse *and* a good and meritorious cause of action (*Riley v Makowski,* 92 AD2d 664; *Steiner v East Ramapo Cent. School Dist.,* 88 AD2d 594, 595; *Salerno v Presbyterian Hosp.,* 88 AD2d 637, 638). Here, plaintiff's excuse is that he was unable to depose one of the defendants (both the codefendant and plaintiff had already been deposed) within the 90-day notice period. However, aware of the time requirement, plaintiff failed to avail himself of the ability to move to either vacate the notice or for an extension within the 90-day period. This constraint has been so strictly construed that proper filing on the 93rd day has been rejected by the courts (*Stein v Wainwright's Travel Serv.,* 92 AD2d 961), as well as filing on the 92nd day (*Brady v Reynolds Printasign Co.,* 92 AD2d 780). Even were we to hold the excuse sufficient, dismissal is required because of plaintiff's failure to sufficiently demonstrate the existence of a meritorious cause of action. In *Monteferrante v New York City Fire Dept.* (74 AD2d 538, 539, citing *Sortino v Fisher,* 20 AD2d 25, 32), the court held, " 'The more slender the excuse for the delay, the greater the need to establish merit' ". Here, only the attorney's affidavit has been made in opposition to the motion in which he states "[t]hat the plaintiff has a meritorious cause of action and it would be a grave miscarriage of justice if his cause of action were dismissed". Plaintiff is required to show in evidentiary form that he has a viable cause of action (*Riley v Makowski,* 92 AD2d 664, *supra*). An attorney's affirmation merely paraphrasing the bill of particulars and alleging negligence in conclusory terms without containment of evidentiary facts is insufficient (*Levin v 40 Realty,* 80 AD2d 515), as is the affidavit of a party containing only conclusory allegations (*Hargett v Health & Hosps. Corp.,* 88 AD2d 633). This failure mandates dismissal. Order affirmed, with costs. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.