■ EDWARD N. EPSTEIN, Appellant, v HARRISON K. ROSE et al., Respondents. — Appeal from a judgment of the Supreme Court in favor of defendants, entered April 8, 1983 in Ulster County, upon a decision of the court at Trial Term (Williams, J.), without a jury. ¶ In November, 1980, plaintiff purchased a large tract of land in the Town of Woodstock, Ulster County. The purchase

included a part of a private road called Racetrack Road, which runs generally east and west, and also a meadow to the north of Racetrack Road. This meadow contains an unimproved roadway that provides access to defendants' adjoining 17-acre woodlot, purchased by them in 1959. ¶ The complaint seeks damages for trespass as well as declaratory and injunctive relief. The answer contained a general denial only. However, at trial, after plaintiff had rested, defendants sought to prove a prescriptive easement in the roadway that crossed the meadow to their woodlot and requested leave to amend their answer to include such affirmative defense. Plaintiff objected on the grounds of undue delay and surprise. The trial court reserved decision on the objection, but permitted proof of the prescriptive easement. Subsequent to trial, the court permitted the amendment to the answer for the failure of plaintiff to demonstrate prejudice, and on the proof, granted judgment to defendants. ¶ We agree and find that there was no abuse of discretion by the trial court in permitting the amendment of the answer (CPLR 3025, subd [b]; *Fahey v County of Ontario,* 44 NY2d 934, 935). It appears that plaintiff anticipated such a defense and offered proof on that issue, without seeking a continuance. Furthermore, plaintiff did not object when defendants' opening statement indicated that they would attempt to prove such easement. As to the proof of the easement itself, we find that defendants established their right by clear and convincing evidence (*Beutler v Maynard,* 80 AD2d 982, affd 56 NY2d 538) and affirm the finding of the trial court. ¶ A prescriptive easement arises by the adverse, open and notorious, continuous and uninterrupted use of another's land (*Di Leo v Pecksto Holding Corp.,* 304 NY 505, 512; *Miller v Bettucci,* 89 AD2d 706) for the statutory prescriptive period which, in this case, is 15 years (*Slater v Ward,* 92 AD2d 667). The road to which the prescriptive use herein is claimed was first used by defendant Harrison Rose when he was shown the property as a prospective purchaser by his predecessor in title. It has been used ever since for access to the property. Until 1977, defendants owned property along Racetrack Road which is a private road. The owners along Racetrack Road contribute to a private fund for its maintenance and defendants continue to contribute even though they no longer own such land. While they did, defendants maintained a cabin on Racetrack Road that they used as a hunting lodge from which they would cross plaintiff's meadow to hunt on their woodlot a number of times each year. Defendant Harrison Rose or his sons used the road to cross the meadow about 100 times a year to cut and remove firewood. During this period, defendants repaired the road and placed logs in a ditch on Racetrack Road to permit vehicular access to the meadow. The evidence, therefore, supported the trial court's determination that defendants' use of the land was open, notorious and continuous, causing the burden to shift to plaintiff to show that such use was by permission, which plaintiff failed to do (*Miller v Bettucci, supra*). The fact that the cutting and gathering of wood and the hunting were somewhat seasonable does not make defendants' use less continuous or interrupted (*Slater v Ward, supra*), nor does such use in the case of an easement have to be exclusive (*Fila v Angiolillo,* 88 AD2d 693, mot for lv to app den 57 NY2d 609). Because defendants were the principal users of the road and maintained it, the presumption of adversity remains. ¶ All the requirements of a prescriptive easement having been established by defendants for the requisite statutory period prior to plaintiff's purchase of his property in 1980, plaintiff received no rights which would extinguish the established prescriptive easement (*Connell v Ellison,* 86 AD2d 943, affd 58 NY2d 869) and the judgment of the trial court should be affirmed. ¶ Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.