■ ALVIN JONES et al., Appellants, v FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER et al., Respondents. — Order and judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiffs commenced this action in May, 1980 in connection with the repossession of their mobile home. All defendants served their answers in July, 1980. In September, 1982 defendant Yegen Associates (Yegen), on behalf of itself and the individual defendants, served plaintiffs with a 90-day demand to file a note of issue in accordance with CPLR 3216. In January, 1983 Yegen moved to dismiss plaintiffs' complaint for want of prosecution. Three days later, defendant First Federal Savings and Loan Association of Rochester (First Federal), although it had not previously served plaintiffs with a 90-day demand to file a note of issue, also moved to dismiss plaintiffs' complaint for want of prosecution. In opposition to these motions, plaintiffs' attorney submitted a lengthy affidavit detailing the reasons for failing to respond to defendant's demand and setting forth facts concerning the merit of plaintiffs' action. Throughout the discussion of the merit of plaintiffs' action, plaintiffs' attorney's affidavit makes reference to documents which he purportedly obtained from defendants through disclosure; none of the documents were, however, appended to his affidavit. ¶ Special Term granted defendants' motions, holding that plaintiffs' failure to file a note of issue constituted law office failure and that plaintiffs' attorney's affidavit, made without personal knowledge of the facts, was insufficient to establish the merit of plaintiffs' action. The court dismissed plaintiffs' complaint in its entirety. ¶ Special Term properly dismissed plaintiffs' complaint against Yegen and the individual defendants. In order to defeat a CPLR 3216 motion to dismiss for failure to prosecute, a party must show "justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216, subd [e]). The affidavit of merit must contain evidentiary facts which establish a viable cause of action; it must be "as good as the kind of affidavit which could defeat a motion for summary judgment on the ground that there is no issue of fact" (*Sortino v Fisher*, 20 AD2d 25, 32). The hearsay affidavit of an attorney without personal knowledge of the facts is insufficient to defeat either a motion to dismiss or a motion for summary judgment (see *Roche v Hearst Corp.*, 53 NY2d 767; *Barasch v Micucci*, 49 NY2d 594; *Zuckerman v City of New York*, 49 NY2d 557; *Len v Consolidated Freightways*, 97 AD2d 982). While the affidavit might have been sufficient to establish a meritorious cause of action if the documents upon which it was based had also been submitted to the court for evaluation, plaintiffs' attorney's failure to include these documents distinguishes this situation from the cases plaintiffs rely upon on appeal (*State of New York v*

*Middletown Beef Co.,* 84 AD2d 834; *Comptroller of State of N. Y. v Gards Realty Corp.,* 68 AD2d 186, 188-189; *Getlan v Hofstra Univ.,* 41 AD2d 830, 831, app dsmd 33 NY2d 646; see, also, *Zuckerman v City of New York, supra,* p 563). ¶ Special Term erred, however, in dismissing plaintiffs' complaint as to defendants First Federal and Van Mobile Home Sales (Van) since neither of these defendants served plaintiffs with a demand that they file a note of issue within 90 days. The service of such a demand by a party is a condition precedent to that party's later moving for dismissal under CPLR 3216 (subd [a]) (CPLR 3216, subd [b], par [3]; see *Central School Dist. No. 1 v Perfetto & Whalen Constr. Corp.,* 79 AD2d 755, 757; *Fichera v City of New York,* 79 AD2d 597). Additionally, Van did not even move for dismissal. The complaint is reinstated with respect to defendants First Federal and Van. (Appeal from order and judgment of Supreme Court, Wayne County, Tillman, J. — dismiss complaint.) Present — Dillon, P. J., Hancock, Jr., Callahan, O'Donnell and Moule, JJ.