■ JANOS MIHALY et al., Appellants, v PATRICK J. MAHONEY et al., Respondents.—Levine J. Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered January 29, 1985 in Schenectady County which, *inter alia,* granted defen-

dant Patrick J. Mahoney's motion to dismiss the complaint for want of prosecution.

Plaintiffs commenced the instant action in November 1982 seeking, *inter alia,* a prescriptive easement over a driveway located partly on defendant Patrick J. Mahoney's property and partly on plaintiffs' adjoining property. Issue was joined in January 1983 after which the parties commenced discovery. On August 20, 1984, Mahoney served plaintiffs with a CPLR 3216 90-day notice demanding that they file a note of issue. Thereafter, on October 16, 1984, plaintiffs deposed Mahoney. However, the parties disagreed as to the relevancy of the questions asked by plaintiffs and Mahoney terminated the examination prior to its completion. On October 27, 1984, Mahoney brought on a motion pursuant to CPLR 3216 to dismiss plaintiffs' complaint due to their failure to file a note of issue. Plaintiffs opposed the motion, claiming that Mahoney's termination of the October 16 deposition had prevented their completion of discovery and excused their failure to file a note of issue. Plaintiffs cross-moved for an order compelling Mahoney to submit to further discovery and for permission to serve an amended complaint. Special Term granted Mahoney's motion, dismissed the complaint, and denied plaintiffs' applications as academic. This appeal by plaintiffs ensued.

To defeat Mahoney's motion for dismissal, plaintiffs were required to demonstrate both an excuse for their failure to file a note of issue after being served with Mahoney's 90-day demand and the existence of a meritorious cause of action *(Slocum v Board of Educ.,* 124 AD2d 269; *Aquilino v Adirondack Tr. Lines,* 97 AD2d 929). It is arguable that Mahoney's termination of the October 16 deposition constituted an obstruction of discovery sufficient to excuse plaintiffs' failure to file a note of issue *(see, Dick v Samaritan Hosp.,* 115 AD2d 917, 918). However, plaintiffs failed to demonstrate the merits of their claim for a prescriptive easement.

A prescriptive easement is established by the adverse, open, notorious and continuous use of property for the prescriptive 10-year period (CPLR 212 [a]; *Miller v Bettucci,* 89 AD2d 706; *Fila v Angiolillo,* 88 AD2d 693, *lv denied* 57 NY2d 609; *Beutler v Maynard,* 80 AD2d 982, *affd* 56 NY2d 538). Since plaintiffs had been in possession of their property and used the subject driveway for only six years, it was incumbent upon them to demonstrate that their predecessors in title had adversely used the driveway for the previous four years and that plaintiffs were entitled to tack that prior use onto their own to establish the prescriptive period *(Fila v Angiolillo,*

*supra; Beutler v Maynard, supra).* Plaintiffs submitted affidavits of their immediate predecessors in interest, Leo and Mary Palmer, to the effect that the Palmers had used the driveway without permission for two years, from 1974 to 1976. Additionally, Leo Palmer's affidavit stated that *his* immediate predecessor, Robert Woodward, had informed him that there was a prescriptive easement over the driveway. However, plaintiffs failed to submit any other proof of Woodward's alleged adverse use of the driveway for the needed two-year period. In opposition to the CPLR 3216 motion to dismiss, plaintiffs were required to submit evidentiary proof in admissible form, sufficient to defeat a motion for summary judgment, to establish the merits of their cause of action *(see, Jones v First Fed. Sav. & Loan Assn.,* 101 AD2d 1005). Clearly, the hearsay statement in Palmer's affidavit as to what he was told by Woodward did not satisfy this requirement. Nor did plaintiffs offer an excuse for failing to submit an affidavit by Woodward. Therefore, Special Term properly dismissed the complaint as to Mahoney.

Special Term erred, however, in dismissing the complaint as to defendant Frederick Perillo, doing business as Fred's Auto, since Perillo did not serve plaintiffs with a 90-day demand for a note of issue and did not move for a dismissal of the complaint *(see, Jones v First Fed. Sav. & Loan Assn., supra).* Likewise, since the dismissal of plaintiffs' complaint as to Mahoney did not effect a disposition of Mahoney's counterclaims, Special Term should have addressed plaintiffs' motion to compel Mahoney to submit to a further examination before trial as to the issues related thereto.

Order modified, on the law, without costs, by reversing so much thereof as dismissed the complaint against defendant Frederick Perillo; complaint reinstated against said defendant and matter remitted to Supreme Court for a determination of plaintiffs' cross motion to compel discovery; and, as so modified, affirmed. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.