■ DEBRA JURACKA, Individually and as Administratrix of the Estate of TAMMY L. BLISS, Deceased, Appellant, v ANTHONY T. FERRARA et al., Respondents.—Kane, J. P. Appeal

from an order of the Supreme Court (Lynch, J.), entered May 5, 1987 in Schenectady County, which granted defendants' motions to dismiss the complaint for want of prosecution.

On March 1, 1982, an accident occurred in which plaintiff was injured and her infant daughter was killed. Plaintiff and her daughter were passengers in an automobile operated by defendant Anthony T. Ferrara and owned by defendant Frances S. Ferrara when it collided with another automobile operated by defendant Byron J. Williams. As a result, on or about March 31, 1982, plaintiff commenced the instant action against defendants alleging negligence, wrongful death and conscious pain and suffering. Subsequently, on December 5, 1986, plaintiff's attorney received a 90-day demand for the service and filing of a note of issue from Williams' attorney. On March 5, 1987, the 90th day, plaintiff's attorney served the note of issue by mailing it to the County Clerk and defendants' attorneys. The County Clerk received and filed it on the following day, which was the 91st day. As a result of the late filing, Williams' attorney moved pursuant to CPLR 3216 (e) for an order dismissing the complaint for failure to prosecute. The Ferraras also moved for identical relief. Supreme Court granted both motions and dismissed the complaint in its entirety. This appeal by plaintiff ensued.

In order to defeat a motion to dismiss for failure to prosecute under CPLR 3216, a plaintiff is required to demonstrate both a justifiable excuse for a late filing and a good and meritorious cause of action (Mihaly v Mahoney, 126 AD2d 791, 792; Aquilino v Adirondack Tr. Lines, 97 AD2d 929). Plaintiff advances several arguments in attempting to justify the failure to file the note of issue within the 90-day time frame, only one of which merits discussion. Specifically, plaintiff argues that the time prescriptions provided for in CPLR 2103 (b) (2) are applicable to the facts of this case. That statute states that "where a period of time prescribed by law is measured from the service of a paper [upon a party's attorney] and service is by mail, five days shall be added to the prescribed period" (CPLR 2103 [b] [2]). However, as is evident from a reading of that statute, its only concern is with time limitations involving service. CPLR 3216 (b) (3) specifically requires a party upon whom a 90-day demand is made "to serve and *file* a note of issue" (emphasis supplied). As this court has previously determined, the mailing of a note of issue does not constitute a filing (Stein v Wainwright's Travel Serv., 92 AD2d 961). Additionally, the fact that plaintiff's attorney received the demand for the note of issue by mail did not serve to invoke

the benefits of CPLR 2103. This is because CPLR 3216 (b) (3) specifically requires that the note of issue be served and filed "within ninety days after *receipt* of such demand" (emphasis supplied). Therefore, the provisions of CPLR 2103 (b) (2) clearly do not save plaintiff in the instant case.

Even were we to accept plaintiff's excuse, dismissal would nevertheless be required due to plaintiff's failure to demonstrate a meritorious cause of action. In opposing the motions to dismiss, plaintiff's attorney simply submitted an affirmation setting forth the reasons for the late filing. No attempt was made to detail the merits of plaintiff's claim or to provide any evidentiary facts in support thereof; dismissal on that basis was therefore warranted *(see, Mihaly v Mahoney, supra; Aquilino v Adirondack Tr. Lines, supra).* Additionally in rejecting plaintiff's claim that Supreme Court improperly dismissed the complaint on its merits, we note that it was not necessary for the motion papers to request such a dismissal; the court was free to do so on its own initiative *(see,* CPLR 3216 [a]; *Jones v Maphey,* 50 NY2d 971).

Nevertheless, we do find error in Supreme Court's dismissal of the complaint with respect to the Ferraras insofar as their motion to dismiss was not preceded by the service of a 90-day demand *(see, Mihaly v Mahoney, supra,* at 793). As a condition precedent to moving for dismissal under CPLR 3216, the party seeking such relief must have previously served the 90-day demand notice (CPLR 3216 [b] [3]; *Jones v First Fed. Sav. & Loan Assn.,* 101 AD2d 1005, 1006; *Fichera v City of New York,* 79 AD2d 597, 598). The complaint should therefore not have been dismissed against the Ferraras.

We have considered plaintiff's remaining contentions and find them lacking in merit.

Order modified, on the law, without costs, by reversing so much thereof as granted the motion by defendants Anthony T. Ferrara and Frances S. Ferrara; said motion denied; and, as so modified, affirmed. Kane, J. P., Casey, Levine, Harvey and Mercure, JJ., concur.