■ KENNETH F. REISS et al., Appellants, v ROGER MAYNARD et al., Respondents. (Appeal No. 1.)—Judgment unanimously reversed on the law and facts with costs, complaint reinstated and injunction granted, in accordance with the following memorandum: Plaintiffs claim an easement by prescription over lands owned by defendants and used as a right-of-way. The right-of-way, known as the Linwood Drive Extension, is a dirt or gravel road which connects to the public highway and runs approximately 1,000 feet through defendants' property. The extension continues in a northerly direction through a 181-acre tract of land which plaintiffs purchased in 1959. In that same year, plaintiffs commenced preparing the land for operation of a game farm and shooting preserve. In doing the preparatory work, they gained access to the land by traveling over the extension. They cleared a portion of the acreage and planted vegetation to provide cover for game birds. Operation of the shooting preserve began in the fall of 1959, and the extension was used to provide access to the lands by hunting parties. Plaintiffs, or guides employed by them, regularly drove the hunters and dogs over the extension and onto plaintiffs' lands where live game birds had been released. The preserve was operated from September to March every year from 1959 to 1978, and the extension was used in the operation as often as 3 to 5 times a week.

The trial court dismissed plaintiffs' complaint upon its

finding that plaintiffs failed to establish a prescriptive easement. We disagree. The proof at trial established the necessary elements of a prescriptive easement, and thus plaintiffs are entitled to judgment enjoining defendants from interfering with their use of the Linwood Drive Extension.

"To establish a prescriptive easement one must prove by clear and convincing evidence *(Pro-Fac Coop. v Baltimore & Ohio R. R. Co.,* 36 AD2d 441) that the use was 'adverse, open and notorious, continuous and uninterrupted for the prescriptive period' *(Di Leo v Pecksto Holding Corp.,* 304 NY 505, 512). A showing that the use was open and notorious, continuous and uninterrupted for the required time gives rise to a presumption that the use was adverse, and the burden is upon the servient landowner to prove that the use was by permission *(Di Leo v Pecksto Holding Corp., supra; Pirman v Confer,* 273 NY 357; *Denniston's Crossing v State of New York,* 76 AD2d 988)." *(Beutler v Maynard,* 80 AD2d 982, *affd* 56 NY2d 538.) Here, plaintiffs have established open and notorious, continuous and uninterrupted use of the extension in the operation of their shooting preserve for the prescriptive period. While the presumption that the use was adverse may be rebutted, there is no proof in this record that the use was permissive *(see, Reed v Piedimonte,* 138 AD2d 937, *lv denied* 72 NY2d 803; *Beutler v Maynard, supra),* that the user and landowner are related by blood or are members of a small, select group of friends *(see, Weinberg v Shafler,* 68 AD2d 944, *affd* 50 NY2d 876), or that the extension was used by the general public *(see, Epstein v Rose,* 101 AD2d 646, *lv denied* 64 NY2d 611; *Fila v Angiolillo,* 88 AD2d 693, *lv denied* 57 NY2d 609). In view of the result reached, we need not consider plaintiffs' alternative argument that the elements of a prescriptive easement are established by tacking onto certain periods of use of the extension to provide access to one of the cabin sites. (Appeal from judgment of Supreme Court, Cattaraugus County, Horey, J.—prescriptive easement.) Present—Dillon, P. J., Callahan, Doerr, Pine and Lawton, JJ.