■ ANTONIO MORALES, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant.—Order and Judgment (one paper), Supreme Court, Bronx County (Anita Florio, J.), entered on June 2, 1989, which *inter alia,* denied defendant's motion pursuant to CPLR 3212 for summary judgment and granted plaintiff's cross-motion for summary judgment declaring that defendant was obliged to defend plaintiff in an underlying negligence action, unanimously affirmed, with costs.

Plaintiff comes within the definition of a "real estate manager," and is thus an additional insured under the insurance policy issued by defendant. The record shows that the plaintiff manages the building on behalf of the title owner, even though he is being allowed to purchase the building on an installment basis in lieu of collecting wages. Even if there were some ambiguity in the use of the phrase "real estate manager", any ambiguity in the insurance contract is to be resolved in favor of the insured *(Atlantic Cement Co. v Fidelity & Cas. Co.,* 91 AD2d 412, *affd* 63 NY2d 798).

We have considered defendant's remaining arguments and find them to be without merit.

Plaintiff's motion to dismiss the appeal on the ground that it is moot is denied. Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.