OPINION OF THE COURT
John W. Grow, J.
The question presented is apparently one of first impression *240 involving the applicability of CPLR 1008 to a third-party defendant who seeks dismissal of plaintiffs action for failure to prosecute (CPLR 3216). Section 1008 provides:
"Answer of third-party defendant; defenses
"The third-party defendant shall answer the claim against him by serving copies of his answer upon the third-party plaintiff. The third-party defendant may assert against the plaintiff in his answer any defenses which the third-party plaintiff has to the plaintiffs claim. The third-party defendant shall have the rights of a party adverse to the other parties in the action, including the right to counter-claim, cross-claim and appeal. ” (Emphasis added.)
Plaintiff seeks damages for personal injuries allegedly sustained in an automobile accident. She sued defendant Spina, who in turn commenced a third-party action against Henry Jaeger, as Administrator of the estate of plaintiffs deceased husband. Plaintiffs husband was operating the automobile involved in the accident with Spina. Plaintiff was a passenger in her husband’s vehicle.
The third-party defendant (hereinafter Administrator) served plaintiff with a 90-day demand pursuant to CPLR 3216 (b) (3) to resume prosecution of her action and to then serve and file a note of issue.* Plaintiffs noncompliance triggered the Administrator’s motion, addressed to plaintiff, seeking dismissal of the entire action pursuant to CPLR 3216 (a). Subdivision (e) of that rule provides for dismissal unless the defaulting party (here the plaintiff) shows justifiable excuse for the delay and a good and meritorious cause of action.
In response plaintiffs counsel submitted his affidavit in which he set forth discovery problems sufficient to constitute a justifiable excuse. However, no evidence is presented of a "good and meritorious cause of action”.
A denoted "courtesy copy” of the Administrator’s motion was apparently sent to Spina’s counsel. Spina has neither served a 90-day demand nor brought any motion against the plaintiff.
While CPLR 1008 provides that the third-party defendant *241 has the rights of a party adverse to the other parties, the motion must be denied because there must be service of the demand upon defendant/third-party plaintiff. (See, e.g., Juracka v Ferrara, 137 AD2d 921; Fichera v City of New York, 79 AD2d 597; Jones v First Fed. Sav. & Loan Assn., 101 AD2d 1005; Mihaly v Mahoney, 126 AD2d 791.) Absence of such service is fatal to the Administrator’s motion since defendant/ third-party plaintiff is the only party asserting any claim against the Administrator.
Plaintiff has subsequently filed a trial note of issue; the court will schedule a pretrial conference.

 The demand was addressed to both plaintiffs counsel and defendant/ third-party plaintiffs counsel; the only proof of service submitted to the court was service upon the former. The demand provides that default in compliance "will serve as a basis for a motion by the third-party defendant for dismissal of the action as against him for unreasonably neglecting to proceed”. (Him obviously refers to third-party defendant.)