■ In the Matter of JASON L. O'CONNELL, Respondent, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Appellant. [717 NYS2d 444] —Judgment unanimously reversed on the law without costs, motion granted and petition dismissed. Memorandum: Supreme Court erred in denying respondent's motion to dismiss the petition seeking to compel respondent to reinstate petitioner's driving privileges. Petitioner commenced this proceeding by order to show cause served at respondent's branch office in Rochester. Petitioner failed to serve the chief executive officer of respondent or that person's designated agent (*see,* CPLR 307 [2]; 403 [c], [d]), resulting in a lack of personal jurisdiction over respondent (*see, Matter of Lazich v Nicolai,* 254 AD2d 420). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.

■ EVELYN AVILES, Respondent, v DRYDEN MUTUAL INSURANCE COMPANY, Appellant, and 938 SCY LIMITED, Doing Business as FRIENDS & PLAYERS, Respondent. [718 NYS2d 529] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted judgment in favor of plaintiff declaring that Dryden Mutual Insurance Company (defendant) is obligated to defend and indemnify defendant 938 SCY Limited, doing business as Friends & Players (SCY), in the underlying personal injury action commenced by plaintiff against SCY. "On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (*Claridge Gardens v Menotti,* 160 AD2d 544, 544-545; *see, Thoreson v Penthouse Intl.,* 80 NY2d 490, 495, *rearg denied* 81 NY2d 835). Plaintiff presented evidence that the owners of SCY found no defects in the premises that contributed to plaintiff's injuries and that the owners were told that plaintiff suffered from a history of seizures. Thus, a fair interpretation of the evidence supports the court's determination that the failure of SCY to provide timely notice of the potential claim was excused by the good faith belief of SCY that it was not liable for plaintiff's injuries, which belief was reasonable under the circumstances (*see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441; *see also, D'Aloia v Travelers Ins. Co.,* 85 NY2d 825, 826, *rearg denied* 85 NY2d 968; *White v City of New York,* 81 NY2d 955, 957). (Appeal from Judgment of Supreme Court, Monroe County, Stander, J.—Declaratory Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.