■ RONALD W. PIERCE et al., Appellants, v JOE G. FROST et al., Respondents. (Appeal No. 2.) [743 NYS2d 642] —Appeal from a judgment (denominated order) of Supreme Court, Jefferson County (Gilbert, J.), entered April 3, 2001, which dismissed the complaint after a nonjury trial.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reinstating the complaint and granting judgment in favor of plaintiffs as follows: It is adjudged and declared that plaintiffs have a prescriptive easement to the lot of approximately 23 acres acquired in 1989 and by granting judgment in favor of defendants as follows: It is further adjudged and declared that plaintiffs do not have a prescriptive easement to the lot of approximately 20 acres acquired in 1984 and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Jefferson County, for further proceedings in accordance with the following memorandum: Plaintiffs commenced this action seeking a declaration that they have two prescriptive easements across defendants' property to two of their parcels, a lot of approximately 20 acres acquired in 1984 through a tax sale (20-acre lot) and a lot of approximately 23 acres acquired in 1989 by deed from the mother of plaintiff Judy A. Pierce (23-acre lot). Defendants denied plaintiffs access to the alleged easements in September 1995. Plaintiffs also seek compensatory damages for the loss of access to and use of their parcels.

Supreme Court properly denied plaintiffs' motion for summary judgment. Although plaintiffs met their initial burden by establishing that their use of the subject property was "adverse, open and notorious, continuous and uninterrupted" for the statutory period of 10 years (*Di Leo v Pecksto Holding Corp.*, 304 NY 505, 512; *see Tulley v Bayfront N.*, 286 AD2d 873; *Northtown, Inc. v Vivacqua,* 272 AD2d 917, 918; *see also* RPAPL 311), defendants raised an issue of fact whether the use was permissive (*see generally Reiss v Maynard*, 148 AD2d 996, 997).

Following the trial, the court dismissed the complaint on the ground that plaintiffs had failed to establish by clear and convincing evidence that they were entitled to a prescriptive easement with respect to either lot. Upon our review of the record, we conclude that plaintiffs established by clear and convincing evidence that their use of the alleged easement to the 23-acre lot was adverse, open and notorious, and continuous and uninterrupted for the statutory period (*see Garrett v*

*Holcomb*, 215 AD2d 884, 885). The statutory period properly includes a period tacked on from plaintiffs' predecessors in interest, who had owned the 23-acre lot since 1944, used the alleged prescriptive easement since that time, and maintained the alleged prescriptive easement since the 1970s. Plaintiffs, therefore, were entitled to a presumption of adverse use (*see Di Leo*, 304 NY at 512; *Fatone v Vona*, 287 AD2d 854, 856), and defendants failed to rebut that presumption (*see Reiss*, 148 AD2d at 997). Because plaintiffs presented clear and convincing evidence with respect to the 23-acre lot that was essentially unrefuted by defendants, we conclude that the court's determination with respect to that lot could not have been reached on any fair interpretation of the evidence (*see generally Aviles v Dryden Mut. Ins. Co.*, 278 AD2d 829).

We further conclude, however, that the court's determination that plaintiffs failed to establish by clear and convincing evidence that they had a prescriptive easement with respect to the 20-acre lot is supported by a fair interpretation of the evidence. Although plaintiffs testified that they had maintained the path constituting the alleged prescriptive easement during the years from 1990 through 1992, an adjoining landowner who had permission to cross the land of the alleged servient tenement testified that it did not appear that anyone had ever cleared the path before he did so in 1990, that it did not appear that anyone else had cared for the path from 1990 through 1992, and that he never saw plaintiffs or any of their family members using the path during those years. The adjoining landowner's testimony raised an issue of credibility for the court's resolution concerning plaintiffs' continuous use of the alleged easement to the 20-acre lot, and we see no reason to disturb the court's resolution of that credibility issue against plaintiffs (*see id.*). We reject plaintiffs' further contention that a precedent deed created an easement appurtenant to the 20-acre lot. The use recited therein was a license, not an easement (*see generally Ark Bryant Park Corp. v Bryant Park Restoration Corp.*, 285 AD2d 143, 150-151; *Millbrook Hunt v Smith*, 249 AD2d 281, 282; *see also* 49 NY Jur 2d, Easements § 210).

We therefore modify the judgment by reinstating the complaint and granting judgment in favor of plaintiffs declaring that they have a prescriptive easement to the 23-acre lot, and further granting judgment in favor of defendants declaring that plaintiffs do not have a prescriptive easement to the 20-acre lot. We remit the matter to Supreme Court, Jefferson County, to determine the exact location of the easement to the 23-acre lot (*see e.g. Heim v Conroy*, 211 AD2d 868, 871; *Briggs*

*v Di Donna*, 176 AD2d 1105, 1106-1107) and to determine plaintiffs' claim for compensatory damages, if any, based on defendants' wrongful interference with plaintiffs' prescriptive easement to the 23-acre lot (*see Anniszkiewicz v Harrison*, 291 AD2d 829, 829; *Tarantelli v Tripp Lake Estates*, 63 Misc 2d 913, 919-920; *see also* RPAPL 1521 [1]). Present—Pine, J.P., Hurlbutt, Burns, Gorski and Lawton, JJ.