■ 426-428 WEST 46TH ST. OWNERS, INC., et al., Respondents, v GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant. [867 NYS2d 385]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered July 26, 2007, which denied defendant's motion for summary judgment dismissing the complaint and declaring that it need not defend or indemnify plaintiffs in an underlying personal injury action, unanimously affirmed, without costs.

The plaintiff in the underlying personal injury action (tenant) was injured when she fell down a staircase within the apartment she rented in a building owned by plaintiff 426-428 West 46th St. Owners, Inc. (Owners). Plaintiff 46th Street Associates, L.P. (Associates) was a shareholder of Owners and held proprietary leases on a number of the units in the building, including the tenant's apartment, and was also the managing agent for the building. Plaintiff Robert Gottesman was the president of Owners and a member of its board of directors, and was also a general partner of Associates.

The record shows that the tenant's accident occurred in August 2002, and although defendant was not notified of the occurrence until June 2003, the motion court appropriately concluded that there are triable issues of fact as to whether plaintiffs' failure to timely notify defendant was based on a good faith, reasonable belief of nonliability (*see e.g. Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743-744 [2005]). The superintendent of the building discovered the tenant lying on the floor inside her apartment, and there is evidence, supported by the tenant's affidavit, that she did not mention the details of what had happened or the nature of her condition. Plaintiffs therefore had no way of knowing that the tenant had fallen due to an allegedly defective staircase in her home, particularly in light of her previous claims to have suffered from a medical condition that prevented her from paying her rent in a timely manner for several months. Under these circumstances, plaintiffs had some justification for assuming that the tenant's hospitalization was attributable to a continuing medical illness or condition such as would raise a question of fact as to whether it was reasonable for them not to undertake any further inquiry into how she had come to be lying on her floor (*see D'Aloia v Travelers Ins. Co.*, 85 NY2d 825, 826 [1995]; *Aviles v Dryden Mut. Ins. Co.*, 278 AD2d 829 [2000]).

The motion court also properly denied defendant's motion for summary judgment as against Associates and Gottesman on the basis that they were not covered under the policies defendant issued to Owners. It cannot be determined, as a matter of law, that the broad allegations advanced as against Associates and Gottesman in the underlying complaint did not encompass their

status as insureds under the subject policies (*see e.g. Morales v Allstate Ins. Co.*, 170 AD2d 419 [1991]). Concur—Lippman, P.J., Mazzarelli, Williams, Buckley and Renwick, JJ. [*See* 16 Misc 3d 1114(A), 2007 NY Slip Op 51420(U).]